# Exhibit C



# Instructions for Petition for Nonimmigrant Worker

### Department of Homeland Security
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-129**
OMB No. 1615-0009
Expires 12/31/2027

| Table of Contents | Page |
|---|---|

**Instructions for Form**

**I-129 General Information**

The Purpose of Form I-129 ...................................................................................................................**2**

Who May File Form I-129? ..................................................................................................................**3**

General Filing Instructions ..................................................................................................................**3**

Classification-Initial Evidence ............................................................................................................**6**

Reduced Fees For Small Employers and Non-Profits .........................................................................**7**

**Part 1.  Petition Always Required**

E-2 CNMI Classification .....................................................................................................................**8**

H Classifications ..................................................................................................................................**8**

L Classification ..................................................................................................................................**19**

O and P Classifications ......................................................................................................................**20**

Q-1 Classification ..............................................................................................................................**24**

R-1 Classification ..............................................................................................................................**25**

**Part 2.  Petition Only Required for a Nonimmigrant in the United States to Change Status or Extend Stay**

E Classifications (not including E-2 CNMI) ....................................................................................**26**

Free Trade Nonimmigrant Classifications (H-1B1 and TNs) ...........................................................**27**

**Filing Requirements**

Written Consultation for O and P Nonimmigrants ...........................................................................**29**

Liability for Return Transportation ...................................................................................................**29**

When To File? ...................................................................................................................................**29**

Where To File? ..................................................................................................................................**29**

**Additional Information**

Address Change..................................................................................................................................**30**

Processing Information .......................................................................................................................**30**

USCIS Forms and Information ...........................................................................................................**30**

Penalties.............................................................................................................................................**30**

USCIS Compliance Review and Monitoring .....................................................................................**31**

DHS Privacy Notice ..........................................................................................................................**31**

Paperwork Reduction Act ..................................................................................................................**32**

## The Purpose of Form I-129

This form is used by an employer to petition U.S. Citizenship and Immigration Services (USCIS) for a beneficiary to come temporarily to the United States as a nonimmigrant to perform services or labor, or to receive training.

Form I-129 consists of the:

1. Basic petition;

2. Individual supplements relating to specific classifications; and

3. H-1B Data Collection and Filing Fee Exemption Supplement (required for H-1B and H-1B1 classifications only).

**These instructions are divided into two parts:**

**Part 1:**  Classifications that always require a petition.

**E-2 CNMI --** treaty investor exclusively in the Commonwealth of the Northern Mariana Islands (CNMI).

**H-1B** -- specialty occupation worker; a beneficiary coming to perform services of an exceptional nature that relate to a U.S. Department of Defense-administered project; or a fashion model of distinguished merit and ability.

**H-2A** -- temporary agricultural worker.

**H-2B** -- temporary nonagricultural worker.

**H-3** -- trainee.

**L-1** -- intracompany transferee.

**O-1** -- beneficiary of extraordinary ability in arts, science, education, business, or athletics.

**O-2** -- accompanying beneficiary who is coming to the United States to assist in the artistic or athletic performance of an O-1 artist or athlete.

**P-1** -- major league sports.

**P-1** -- internationally recognized athlete/entertainment group.

**P-1S** -- essential support personnel for a P-1.

**P-2** -- artist/entertainer in reciprocal exchange program.

**P-2S** -- essential support personnel for a P-2.

**P-3** -- artist/entertainer coming to the United States to perform, teach, or coach under a program that is culturally unique.

**P-3S** -- essential support personnel for a P-3.

**Q-1** -- international cultural exchange program participant.

**R-1** -- religious worker.

**Part 2:**  Classifications that require a petition only if the beneficiary is already in the United States and requesting an extension of stay or a change of status:

**E-1** -- treaty trader.

**E-2** -- treaty investor (not including E-2 CNMI treaty investors).

**E-3** -- Free Trade Agreement professionals from Australia.

**Free Trade Nonimmigrants** -- H-1B1 specialty occupation workers from Chile or Singapore and TN professionals from Canada or Mexico.

## Who May File Form I-129?

**General.** A U.S. employer may file this form and applicable supplements to classify a beneficiary in any nonimmigrant classification listed in **Part 1.** or **Part 2.** of these instructions. A foreign employer, U.S. agent, or association of U.S. agricultural employers may file for certain classifications as indicated in the specific instructions.

**Agents.** A U.S. individual or company in business as an agent may file a petition for workers who are traditionally self-employed or workers who use agents to arrange short-term employment on their behalf with numerous employers, and in cases where a foreign employer authorizes the agent to act on its behalf. A petition filed by an agent must include a complete itinerary of services or engagements, including dates, names, and addresses of the actual employers, and the locations where the services will be performed. A petition filed by a U.S. agent must guarantee the wages and other terms and conditions of employment by contractual agreement with the beneficiary or beneficiaries of the petition. The agent/ employer must also provide an itinerary of definite employment and information on any other services planned for the period of time requested. The intinerary requirement does not apply to any H classifications.

**Including more than one beneficiary in a petition.** You may include on the same petition multiple beneficiaries who seek admission in the H-2A, H-2B, H-3, P-1, P-2, P-3, P-1S, P-2S, P-3S, O-2, or Q-1 classifications if the conditions listed below are met. However, H-2A, H-2B, H-3, O-2, P-1, P-2, P-3, and P essential support petitions are limited to 25 named beneficiaries per petition.

All beneficiaries must:

1. Be employed for the same period of time; and

2. Perform the same services, receive the same training, or participate in the same international cultural exchange program.

**NOTE:** Employers must file a separate Form I-129 to petition for O and P essential support personnel apart from any petition they file for O or P principal nonimmigrants or P group or team. All essential-support beneficiaries listed on this petition must establish prior essentiality to the principal O or P nonimmigrants.

**Multiple locations.** A petition for beneficiaries to perform services or labor or receive training in more than one location must include an itinerary with the dates and locations where the services or training will take place. The itinerary requirement does not apply to any H classifications.

**Naming beneficiaries.** All beneficiaries in a petition must be named except for an H-2A agricultural worker or an H-2B temporary nonagricultural worker who is not currently inside the United States. You may not request both named and unnamed workers on the same H-2A or H-2B petition. In addition, USCIS may require the petitioner to name H-2B beneficiaries where the name is needed to establish eligibility for H-2B nonimmigrant status.

## General Filing Instructions

We provide free forms through the USCIS website. To view, print, or complete our forms, you should use the latest version of Adobe Reader, which you can download for free at **http://get.adobe.com/reader/**. If you do not have internet access, you may call the USCIS Contact Center and ask that we mail a form to you.

Each petition must be accompanied by the appropriate filing fees.

**Signature.** You (or your signing authority) must properly complete your petition. USCIS will not accept a stamped or typewritten name in place of any signature on this petition. If you are under 14 years of age, your parent or legal guardian may sign the petition on your behalf. A legal guardian may also sign for a mentally incompetent person. If your petition is not signed, or if the signature is not valid, we will reject your petition. See 8 CFR 103.2(a)(7)(ii)(A). If USCIS accepts a request for adjudication and determines that it has a deficient signature, USCIS may deny the request.

**Validity of Signatures.** USCIS will consider a photocopied, faxed, or scanned copy of an original handwritten signature as valid for filing purposes. The photocopy, fax, or scan must be of the original document containing the handwritten ink signature.

**Evidence.** When you file your petition, you must submit all evidence and supporting documents.

**Biometrics Services Appointment for Certain Beneficiaries Who Will be Working in the CNMI.** After receiving your petition and ensuring completeness, USCIS will inform you in writing when the beneficiary needs to go to his/her local USCIS Application Support Center (ASC) for his/her biometrics services appointment. Failure to attend the biometrics services appointment may result in denial of your petition.

**Form I-94, Arrival/Departure Record.** If U.S. Customs and Border Protection (CBP) or USCIS issued the beneficiary a Form I-94, Arrival/Departure Record, provide his/her Form I-94 number and date that his/her authorized period of stay expires or expired (as shown on the Form I-94). The Form I-94 number also is known as the Departure Number on some versions of Form I-94.

**NOTE:** If CBP admitted the beneficiary into the United States at an airport or seaport after April 30, 2013, they may have been issued an electronic Form I-94 instead of a paper Form I-94. He/she may visit the CBP website at **www.cbp.gov/i94** to obtain a paper version of his/her electronic Form I-94. CBP does not charge a fee for this service. Some travelers may also be able to obtain a replacement Form I-94 from the CBP website for free if they were admitted to the United States at a land border, airport, or seaport after April 30, 2013, with a passport or travel document and received a paper Form I-94 from CBP. If you cannot obtain your Form I-94 from the CBP website, you may obtain it by filing Form I-102, Application for Replacement/Initial Nonimmigrant Arrival-Departure Record, with USCIS. USCIS does charge a fee for Form I-102. See Form G-1055, available at **www.uscis.gov/forms**, for specific information about the fees applicable to this form.

**Passport and Travel Document Numbers.** If you used a passport or travel document to travel to the United States, enter the passport or travel document information in the appropriate space on the petition, even if the passport or travel document is currently expired.

**Copies.** You should submit legible photocopies of requested documents unless the Instructions specifically instruct you to submit an original document. USCIS may request an original document at any time during our process. If we request an original document from you, we will return it to you after USCIS determines it no longer needs the original.

**NOTE:** If you submit original documents when they are not required or requested, **USCIS may destroy them after we receive them.**

**Translations.** If you submit a document with information in a foreign language, you must also submit a full English translation. The translator must sign a certification that the English language translation is complete and accurate, and that they are competent to translate from the foreign language into English. The certification must also include their signature, printed name, the signature date, and their contact information.

**USCIS Contact Center.** For additional information on the petition and Instructions about where to file, change of address, and other questions, visit the USCIS Contact Center at **www.uscis.gov/contactcenter** or call **800-375-5283** (TTY **800-767-1833**). The USCIS Contact Center provides information in English and Spanish.

**Disability Accommodations/Modifications.** To request a disability accommodation/modification, follow the instructions on your appointment notice or at **www.uscis.gov/accommodationsinfo**.

### How To Complete Form I-129

1. Type or print legibly in black ink.

2. Complete the basic form and any relating supplements.

3. If you need extra space to complete any item within this petition, use the space provided in **Part 9. Additional Information About Your Petition for Nonimmigrant Worker** or attach a separate sheet of paper. Type or print the Alien Registration Number (A-Number) (if any) at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

4. Answer all questions fully and accurately. If a question does not apply to you (for example, if you have never been married and the question asks, "Provide the name of your current spouse"), type or print "N/A" unless otherwise directed. If your answer to a question which requires a numeric response is zero or none (for example, "How many children do you have" or "How many times have you departed the United States"), type or print "None" unless otherwise directed.

**Petitioner Information**

Complete the **"Legal Name of Petitioner"** field (if the petitioner is an individual person or a company or organization). For mailing address, list the address of the **petitioner's primary office** within the United States.

<u>**Basis for Classification**</u>

The following explains the choices listed in **Part 2.**, **Item Number 2.**, of the Form I-129.

**A.  New employment.**  Check this box if the beneficiary:

    **(1)**  Is outside the United States and holds no classification;

    **(2)**  Will begin employment for a new U.S. employer in a different nonimmigrant classification than the beneficiary currently holds; **or**

    **(3)**  Will work for the <u>same</u> employer but in a different nonimmigrant classification.

    **NOTE:**  Do not check this box if the beneficiary will work for the same employer in the same classification but there is a material change in the terms and conditions of employment, training, or the beneficiary's eligibility as specified in the original approved petition.  Check the box for **Item f., Amended Petition,** instead.

**B.  Continuation of previously approved employment without change with the same employer.**  Check this box if you are applying to continue the employment of the beneficiary in the same nonimmigrant classification the beneficiary currently holds and there has been no change to the employment.

**C.  Change in previously approved employment.**  Check this box if you are notifying USCIS of a non-material change to the previously approved employment such as a change in job title without a material change in job duties.

**D.  New concurrent employment.**  Check this box if you are applying for a beneficiary to begin new employment with an <u>additional employer</u> in the same nonimmigrant classification the beneficiary currently holds while the beneficiary will continue working for his or her current employer in the same classification.

**E.  Change of employer.**  Check this box if you are applying for a beneficiary to begin employment working for a <u>new employer</u> in the same nonimmigrant classification that the beneficiary currently holds.

**F.  Amended petition.**  Check this box if you are applying to notify USCIS of a material change in the terms or conditions of employment or training or the beneficiary's eligibility as specified in the original approved petition. Additionally, petitioners requesting H-2A or H-2B substitutions should check this box.

<u>**Requested Action**</u>

The following explains the kinds of action petitioners/employers may choose for **Part 2., Information About This Petitioner, Item Number 4.** of Form I-129.  Choose only one action.

**A.  Notify the office listed in Part 4. so the beneficiary(ies) can seek a visa or admission.**  Check this box if the beneficiary is outside of the United States, or, if the beneficiary is currently in the United States, but he or she will leave the United States to obtain a visa/admission abroad.

**B.  Change the status and extend the stay of beneficiaries who are now in the United States in another status.**  Check this box if the beneficiary is currently in the United States in a different nonimmigrant classification and is applying to change to a new, nonimmigrant status.

    **Exception:**  If the beneficiary seeks to change status to H-1B1 Chile/Singapore or TN classification, see **Item f.** below.

**C.  Extend the stay of each beneficiary who now holds this status.**  Check this box if the beneficiary is currently in the United States in a nonimmigrant classification and is requesting an extension of his or her stay in the <u>same</u> nonimmigrant classification.

    **Exception:**  If the beneficiary seeks to extend his/her stay in H-1B1 Chile/Singapore or TN classification, see **Item e.** below.

**D.  Amend the stay of each beneficiary who now holds this status and is not seeking additional time from their current authorized period of stay.**  Check this box if the beneficiary is currently in the United States in the same nonimmigrant classification and you are not seeking additional time from their current authorized period of stay.

E. **Extend the status of a nonimmigrant classification that is based on a Free Trade Agreement.** Check this box if the beneficiary is currently in the United States based on a Free Trade Agreement (H-1B1 Chile/Singapore or TN classification) and is requesting an extension of his or her stay in that same classification.

F. **Change status to a nonimmigrant classification that is based on a Free Trade Agreement.** Check this box if the beneficiary is currently in the United States in a different nonimmigrant classification and is applying to change to a nonimmigrant classification based on a Free Trade Agreement (H-1B1 Chile/Singapore or TN classification).

**Certification Pertaining to the Release of Controlled Technology or Technical Data to Foreign Persons in the United States**

**U.S. Export Controls on Release of Controlled Technology or Technical Data to Foreign Persons.** The Export Administration Regulations (EAR) (15 CFR Parts 770-774) and the International Traffic in Arms Regulations (ITAR) (22 CFR Parts 120-130) require U.S. persons to seek and receive authorization from the U.S. Government before releasing to foreign persons in the United States controlled technology or technical data. Under both the EAR and the ITAR, release of controlled technology or technical data to foreign persons in the United States--even by an employer--is deemed to be an export to that person's country or countries of nationality. One implication of this rule is that a U.S. company must seek and receive a license from the U.S. Government before it releases controlled technology or technical data to its nonimmigrant workers employed as H-1B, H-1B1, L-1, or O-1A beneficiaries.

**Requirement to Certify Compliance with U.S. Export Control Regulations.** The U.S. Government requires each company or other entity that files a Form I-129 to certify that to the best of its knowledge at the time of filing it has reviewed the Export Administration Regulations (EAR) and the International Traffic in Arms Regulations (ITAR) and determined whether it will require a U.S. Government export license to release controlled technology or technical data to the beneficiary.

If an export license is required, the company or other entity must further certify that it will not release or otherwise provide access to controlled technology or technical data to the beneficiary until it has received the required authorization from the U.S. Government.

The petitioner must indicate whether or not a license is required in **Part 6., Certification Regarding the Release of Controlled Technology or Technical Data to Foreign Persons in the United States,** of Form I-129.

**Controlled Technology and Technical Data.** The licensing requirements described above will affect only a small percentage of petitioners because most types of technology are not controlled for export or release to foreign persons. The technology and technical data that are, however, controlled for release to foreign persons are identified on the EAR's Commerce Control List (CCL) and the ITAR's U.S. Munitions List (USML). The CCL is found at 15 CFR Part 774, Supp. 1. See **http://www.access.gpo.gov/bis/ear/ear_data.html#ccl**. The USML is at 22 CFR 121.1. See **http://www.pmddtc.state.gov/regulations_laws/itar.html**. The EAR-controlled technology on the CCL generally pertains to that which is for the production, development, or use of what are generally known as "dual-use" items. The ITAR-controlled technical data on the USML generally pertains to that which is directly related to defense articles.

The U.S. Department of Commerce's Bureau of Industry and Security administers the CCL and is responsible for issuing licenses for the release to foreign persons of technology controlled under the EAR. The U.S. Department of State's Directorate of Defense Trade Controls (DDTC) administers the USML and is responsible for issuing licenses for the release to foreign persons of technical data controlled under the ITAR. Information about the EAR and how to apply for a license from BIS are at **www.bis.doc.gov**. Specific information about EAR's requirements pertaining to the release of controlled technology to foreign persons is at **www.bis.doc.gov/index.php/policy-guidance/deemed-exports**. Information about the ITAR and how to apply for a license from DDTC are at **www.pmddtc.state.gov**.

---

## Classification - Initial Evidence

For all classifications, if a beneficiary is seeking a **change of status**, **extension of stay**, or **amendment of stay**, evidence of maintenance of status must be included with the new petition. If the beneficiary is employed in the United States, the petitioner may submit copies of the beneficiary's last 2 pay stubs, Form W-2, and other relevant evidence, as well as a copy of the beneficiary's Form I-94, passport, travel document, or I-797.

The beneficiary's dependent family members (generally, spouses and children under 21) should use Form I-539, Application to Change/Extend Nonimmigrant Status, to apply for a change of status or extension of stay.

A nonimmigrant, who must have a passport to be admitted, generally must maintain a valid passport during his or her entire stay.

The following nonimmigrants are not eligible to change status:

1. A nonimmigrant admitted under a visa waiver program;

2. A nonimmigrant is transit (C) or in transit without a visa (TWOV);

3. A crewman (D);

4. A fiancé(e) (K-1) or his or her dependent (K-2);

5. A spouse of a U.S. citizen (K-3) or his or her dependent (K-4);

6. A J-1 exchange visitor who was admitted in J-1 status for the purpose of receiving graduate medical training;

7. A J-1 exchange visitor subject to the foreign residence requirement who has not received a waiver of that requirement; and

8. An M-1 student to an H classification if training received as an M-1 helped him or her qualify for H classification.

## Reduced Fees For Small Employers and Non-Profits

You may qualify for a reduced fee on this form and the associated asylum program fee if you:

1. Have 25 or fewer full-time equivalent employees in the United States, including any affiliates and subsidiaries; or

   - Reduced fee for form and asylum program fee.

   - Possible evidence to support eligibility for the reduced fees includes a copy of the petitioner's most recent IRS Form 941, Employer's Quarterly Federal Return or IRS Form 943, Employer's Annual Tax Return for Agricultural Workers.

2. Are a not-for-profit primary or secondary educational institution, or institution of higher education, as defined in section 101(a) of the Higher Education Act of 1965, 20 U.S.C. 1001(a); tax exempt organization under the Internal Revenue Code of 1986, section 501(c)(3), 26 U.S.C. 501(c)(3); or a governmental research organization as defined under 8 CFR 214.2(h)(19)(iii)(C).

   - Reduced fee for form and no asylum program fee.

   - Possible evidence to support eligibility for the reduced fees includes the organization's Determination Letter from the IRS or copy of a currently valid IRS tax exemption certificate.

## Part 1.  Petition Always Required

The following classifications always require a petition.

The initial evidence listed below and the initial evidence listed under the instructions for a change of status or extension of stay must be included with a petition for a new or concurrent employment or for an extension where there is a change in previously approved employment.

However, a petition for extension based on unchanged, previously approved employment should only be filed with the initial evidence required in the extension of stay instructions.

## E-2 CNMI

**An E-2 CNMI investor is a nonimmigrant who seeks to enter or remain in the Commonwealth of the Northern Mariana Islands (CNMI) in order to maintain an investment in the CNMI that was approved by the CNMI government prior to November 28, 2009. An E-2 CNMI investor classification is specifically limited to a nonimmigrant investor who has previously been granted a qualifying long term investor status under the laws of the CNMI. This classification allows an eligible nonimmigrant to be lawfully present in the CNMI in order to maintain the investment during the transition period from CNMI to Federal immigration law. An investor's nationality is not a qualifying factor in the issuance of an E-2 CNMI investor classification.**

**This classification expires on December 31, 2029**

A petition for the initial issuance of an E-2 CNMI investor classification must be filed within 2 years of the date the E-2 CNMI investor classification became available, which was January 18, 2011. Petitions for the initial issuance of the E-2 CNMI filed after January 18, 2013 will be rejected.

Requests for extension of the E-2 CNMI investor classification may be granted, in increments of not more than 2 years, until December 31, 2029.

Applications for the dependents of E-2 CNMI investors must be filed on Form I-539, Application to Extend/Change Nonimmigrant Status.

Write **E-2C** in the classification block.

The petition must be filed with documentary evidence of:

1. Continuous maintenance of the terms and conditions of E-2 CNMI investor nonimmigrant status;

2. Physical presence in the CNMI at the time of filing of the extension of stay request; and

3. The fact that the beneficiary will not leave during the pendency of the extension of stay request.

## H-1B Beneficiaries (Three Types)

**The H-1B classification is for beneficiaries coming to the United States temporarily to perform services in a specialty occupation.**

Write **H-1B** in the classification block.

A specialty occupation is one that requires the theoretical and practical application of a body of highly specialized knowledge to fully perform the occupation and requires the attainment of a bachelor's or higher degree in a directly related specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States. A position is not a specialty occupation if attainment of a general degree, without further specialization, is sufficient to qualify for the position. A position may allow for a range of qualifying degree fields, provided that each of those fields is directly related to the duties of the position. "Directly related" means that there is a logical connection between the degree, or its equivalent, and the duties of the position.

The petition must be filed by a U.S. employer or a U.S. agent and must be filed with:

1. Evidence that a labor condition application (LCA) has been certified by the U.S. Department of Labor;

2. Evidence showing that the proposed employment qualifies as a specialty occupation;

3. Evidence that you have a bona fide position in a specialty occupation available for the beneficiary as of the start date of the validity period requested on the petition. A petitioner is not required to establish specific day-to-day assignments for the entire time period requested in the petition.

4. Evidence showing that the beneficiary has the required degree by submitting either:

    **A.** A copy of the beneficiary's U.S. bachelor's or higher degree as required by the specialty occupation;

    **B.** A copy of a foreign degree and evidence that it is equivalent to the U.S. degree; or

    **C.** Evidence of education, specialized training, and/or progressively responsible experience that is equivalent to the required U.S. degree.

5. A copy of any required license or other official permission to practice the occupation in the state of intended employment; and

6. A copy of any written contract between the petitioner and the beneficiary or a summary of the terms of the oral agreement under which the beneficiary will be employed.

7. If you are filing an H-1B cap petition for a fiscal year that H-1B registration is required, you must provide a valid Beneficiary Confirmation Number for the beneficiary included in this petition, along with a copy of the H-1B Registration Selection Notice.

8. If you are filing an H-1B cap petition for a fiscal year that H-1B registration is required, you must submit evidence of the beneficiary's passport or travel document used at the time of registration to identify the beneficiary.

9. **Off-site Assignment of H-1B Beneficiaries:** Petitioners seeking to place the H-1B beneficiary off-site at a location other than their own location must answer general questions regarding this assignment in **Part 5.**, Basic Information About the Proposed Employment and Employer. Petitioners should advise the H-1B beneficiary of the off-site work placement.

**The H-1B classification is also for beneficiaries coming to the United States to perform services of an exceptional nature relating to a cooperative research and development project administered by the U.S. Department of Defense (DOD).**

Write **H-1B2** in the classification requested block.

A U.S. employer or U.S. agent may file the petition.

The petition must be filed with:

1. A description of the proposed employment;

2. Evidence that the services and project meet the above conditions;

3. A statement listing the names of nonimmigrants who are currently or have been employed on the project within the past year, along with their dates of employment;

4. Evidence that the beneficiary holds a bachelor's or higher degree or its equivalent in the field of employment; and

5. A verification letter from the DOD project manager. Details about the specific project are not required.

**The H-1B classification is also for beneficiaries of distinguished merit and ability in the field of fashion modeling.**

Write **H-1B3** in the classification block.

The petition must be filed by a U.S. employer or U.S. agent. The petitioner must submit evidence that establishes the beneficiary will perform services at events or productions of a distinguished reputation. Such evidence includes:

1. Documentary evidence (such as certifications, affidavits, and reviews) to establish the beneficiary is a fashion model of distinguished merit and ability. Any affidavits submitted by present or former employers or recognized experts must set forth their expertise of the affiant and the manner in which the affiant acquired such information; and

2. Copies of any written contracts between the petitioner and the beneficiary or, if there is no written agreement, a summary of the terms of the oral agreement under which the beneficiary will be employed.

**General H-1B Requirements**

**Completing the H Classification Supplement Form**

**Item Number 8.a.** For H-1B petitions, you must indicate whether the beneficiary has a controlling interest in the petitioning organization. For purposes of this question, a controlling interest means that the beneficiary owns more than 50 percent of the petitioning organization or when the beneficiary has majority voting rights in the petitioning organization.

If the H-1B beneficiary possesses a controlling interest in the petitioning organization or entity, the petition, if approved, will be limited to a validity period of up to 18 months. The first extension (including an amended petition with a request for an extension of stay) of such a petition will also be limited to a validity period of up to 18 months.

Three relevant laws impact the filing of H-1B and/or L visa petitions:

1. The **American Competitiveness and Workforce Improvement Act (ACWIA),** Public Law 105-277 (signed into law on October 21, 1998);

2. The **H-1B Visa Reform Act of 2004** (signed into law on December 8, 2004); and

3. Public Law 114-113 (signed into law on December 18, 2005).

Because of ACWIA, H-1B and H-1B1 free trade nonimmigrant petitioners must complete the H-1B Data Collection and Filing Fee Exemption Supplement, which is part of this petition. We use this supplement (formerly issued separately as Form I-129W) to collect additional information about the H-1B nonimmigrant workers and the H-1B petitioners, and to determine the applicability of fees mandated by ACWIA (INA section 214(c)(9)), the H-1B1 Visa Reform Act of 2004 (INA section 214(c)(12)), and Public Law 114-113.

A petitioner seeking initial approval of H-1B or L nonimmigrant status for a beneficiary, or seeking approval to employ an H-1B or L nonimmigrant currently working for another employer, must submit an additional Fraud Prevention and Detection fee. This fee does not apply to H-1B1 petitions.

Those petitioners required to submit the Fraud Prevention and Detection fee are also required to submit either an additional H-1B or L-1 fee mandated by Public Law 114-113, **if**:

1. The petitioner employs 50 or more individuals in the United States; and

2. More than 50 percent of those employees are in H-1B or L-1A or L-1B nonimmigrant status.

To determine if they are subject to any of these fees, petitioners must complete the H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplement discussed below. See Form G-1055 for specific fee amounts.

### H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplement

A U.S. employer or U.S. agent who seek to place a beneficiary in H-1B classification (including H-1B1 classification for free trade nonimmigrants from Chile and Singapore) must file this supplement.

The supplement is used to:

1. Collect additional information about the H-1B employer and beneficiary; and

2. Determine the appropriate American Competitiveness and Workforce Improvement Act (ACWIA) fee. The ACWIA Fee is a training fee meant to fund the training of U.S. workers. But if the employer has 25 or fewer full-time employees, they must pay only one-half of the required fee at INA 214(c)(9)(B). This supplement also helps to determine whether the beneficiary is subject to the H-1B numerical limitation (also known as the H-1B Cap). Please note that the ACWIA fee may not be assessed to the beneficiary.

### Who is required to submit this supplement?

A U.S. employer or U.S. agent seeking to classify a beneficiary as an H-1B or H-1B1 Free Trade Nonimmigrant worker must file this supplement with the Form I-129 and the appropriate fee.

### Completing Section 1. of the H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplement Form

All petitioners who seek to classify a beneficiary as an H-1B or H-1B1 free trade nonimmigrant worker must answer every question in **Item Number 1.** of **Section 1., General Information**. Guidance on how to answer these questions follows.

1. **H-1B dependent employer.** An "H-1B dependent employer" is an employer that:

   A. Has 25 or fewer full-time-equivalent employees who are employed in the United States and employs more than seven H-1B nonimmigrants;

   B. Has at least 26 but not more than 50 full-time-equivalent employees who are employed in the United States and employs more than 12 H-1B nonimmigrants; or

   C. Has at least 51 full-time equivalent employees who are employed in the United States and employs H-1B nonimmigrants in a number that is equal to at least 15 percent of the number of such full-time-equivalent employees.

2. **Willful violators.** A willful violator is an employer whom the U.S. Secretary of Labor has found, after notice and opportunity for a hearing, to have willfully failed to meet a condition of the labor condition application described in section 212(n) of the Immigration and Nationality Act.

3. **Exempt H-1B nonimmigrant.** An "exempt H-1B nonimmigrant" is an H-1B nonimmigrant who:

    A.  Receives wages (including cash bonuses and similar compensation) at an annual rate equal to at least $60,000; or

    B.  Has attained a master's degree or higher (or its equivalent) in a specialty related to the intended employment.

4.  **Highest level of formal education.**  In **Item Number 2.** of **Section 1.**, place an "X" in the appropriate box that most closely reflects the highest level of formal education the beneficiary has attained.

5.  **Major/primary field of study.**  Use the beneficiary's degree transcripts to determine the primary field of study.  **DO NOT** consider work experience to determine the beneficiary's major field of study.

6.  **Master's or higher degree from a U.S. institution of higher education.**  Indicate whether or not the beneficiary has earned a master's or higher degree from a U.S. institution of higher education, as defined in 20 U.S.C. section 1001(a).

7.  **Rate of pay per year.**  The "rate of pay" is the salary or wages paid to the beneficiary.  Salary or wages must be expressed in an annual full-time amount and do not include non-cash compensation or benefits.  For example, an H-1B worker is to be paid $6,500 per month for a 4-month period and also provided separately a health benefits package and transportation during the 4-month period.  The yearly rate of pay if he or she were working for a full year would be 12 times the monthly rate, or $78,000.  This amount does not include health benefits or transportation costs. The figure $78,000 should be entered on this form as the rate of pay.

8.  **SOC Code.**  This is the Standard Occupational Classification (SOC) Code.  You can obtain the SOC codes from the Department of Labor (DOL), Bureau of Labor Statistics at **www.bls.gov/soc**.

9.  **NAICS Code.**  This is the North American Industry Classification System (NAICS) Code.  This code can be obtained from the U.S. Department of Commerce, Census Bureau (**www.census.gov/epcd/www/naics.html**).  Enter the code from left to right, one digit in each of the six boxes.  If you use a code with fewer than six digits, enter the code left to right and then add zeros in the remaining unoccupied boxes.

For example, the code sequence 33466 would be entered as:   | 3 | 3 | 4 | 6 | 6 | 0 | [Each number inside a separate box]

For example, the code sequence 5133 would be entered as:   | 5 | 1 | 3 | 3 | 0 | 0 | [Each number inside a separate box]

**Completing Section 2. of the H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplemental Form**

Petitioners must complete **Section 2., Fee Exemption and/or Determination,** to determine whether they must pay the ACWIA fee.  See Form G-1055, available at **www.uscis.gov/forms**, for specific information about the fees applicable to this form.  The petitioner is exempt from payment of the ACWIA fee if at least one of the following conditions apply:

1.  The employer is an institution of higher education as defined in the Higher Education Act of 1965, section 101(a), 20 U.S.C. 1001(a);

2.  The employer is a nonprofit organization or entity related to or affiliated with an institution of higher education as defined in 20 U.S.C. 1001(a).  Such nonprofit organizations or entities include, but are not limited to, hospitals and medical research institutions;

    **NOTE:**  "Related to" or "affiliated with" means the entity is:

    A.  Connected to or associated with the institution of higher education through shared ownership or control by the same board or federation; or

    B.  Operated by the institution of higher education; or

    C.  Attached to the institution of higher education as a member, branch, cooperative, or subsidiary; or

    D.  A nonprofit entity that has entered into a formal written affiliation agreement with an institution of higher education that establishes an active working relationship between the nonprofit entity and the institution of higher education for the purposes of research or education, and a fundamental activity of the nonprofit entity is to directly contribute to the research or education mission of the institution of higher education.

**NOTE:**  A nonprofit entity may engage in more than one fundamental activity.

"Nonprofit organization or entity" means the organization or entity is determined by the Internal Revenue Service to be a tax-exempt organization under the Internal Revenue Code of 1986, section 501(c)(3), (c)(4), or (c)(6) (codified at 26 U.S.C. 501(c)(3), (c)(4), or (c)(6)).  See 8 CFR 214.2(h)(19)(iv).

3.  The employer is a nonprofit research organization or government research organization. When a fundamental activity of a nonprofit organization is engaging in basic research and/or applied research, that organization is a nonprofit research organization. When a fundamental activity of a governmental organization is the performance or promotion of basic research and/or applied research, that organization is a government research organization. A governmental research organization may be a Federal, state, or local entity. See 8 CFR 214.2(h)(19)(iii)(C). The regulation at 8 CFR 214.2(h)(19)(iii)(C) further provides definitions for basic research and applied research.

   **NOTE:**  A nonprofit research organization or governmental research organization may perform or promote more than one fundamental activity.

4.  This petition is the second or subsequent request for an extension of stay filed by the employer regardless of when the first extension of stay was filed or whether the ACWIA filing fee was paid on the initial petition or the first extension of stay;

5.  This petition is an amended petition that does not contain any requests for extension of stay;

6.  This petition is being filed to correct a USCIS error;

7.  The employer is a primary or secondary education institution; or

8.  The employer is a nonprofit entity which engages in an established curriculum-related clinical training for students registered at the institution of higher education.

**What evidence is required under Section 2.?**

Petitioners claiming an exemption from the ACWIA filing fee must submit evidence showing why the organization or entity is exempt.

**Completing Section 3. of the H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplemental Form**

All petitioners must complete **Section 3., Numerical Limitation Information,** to determine whether the beneficiary is subject to the H-1B cap.

Public Law 110-229 provides that nonimmigrant workers admitted to Guam or CNMI are exempt from the statutory caps for the H visa programs through December 31, 2029.

The Form I-129 H Classification Supplement and H-1B Data Collection and Filing Fee Exemption Worksheet require employers to indicate the specific reason for any claimed cap exemption.  Please select, in Section 3 of the H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplement, the reason(s) this petition is exempt from the numerical limitation for H-1B classification:

1.  The employer is an institution of higher education as defined in 20 U.S.C. 1001(a);

2.  The employer is a nonprofit entity related to or affiliated with an institution of higher education as defined in 8 CFR 214.2(h)(8)(iii)(F)(2);

3.  The employer is a nonprofit research organization or governmental research organization. When a fundamental activity of a nonprofit organization is engaging in basic research and/or applied research, that organization is a nonprofit research organization. When a fundamental activity of a governmental research organization is the performance or promotion of basic research and/or applied research, that organization is a government research organization. A governmental research organization may be a Federal, state, or local entity. See 8 CFR 214.2(h)(8)(iii)(F)(3); (these terms have the same definitions as described at 8 CFR 214.2(h)(19)(iii)(C));

   **NOTE:**  To determine if you qualify for exemption from the H-1B cap as an institution of higher education, nonprofit entity related to or affiliated with an institution of higher education, nonprofit research organization or governmental research organization, please refer to the definitions of those terms in the section above ("Completing Section 2. of the H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplemental Form").

4. The beneficiary will spend at least half of their work time performing job duties at a qualifying institution, organization, or entity and those job duties further an activity that supports or advances one of the fundamental purposes, missions, objectives, or functions of the qualifying institution, organization, or entity, namely, either higher education, nonprofit research, or governmental research;

5. The beneficiary is currently employed at a cap-exempt institution, entity, or organization and you seek to concurrently employ the H-1B beneficiary;

6. The beneficiary is a J-1 nonimmigrant physician who has received a waiver based on section 214(l) of the Act;

7. The beneficiary of this petition has been counted against the regular H-1B cap or master's cap exemption; and

    A. This petition is an amended petition without an extension of stay request;

    B. You are applying to extend or obtain H-1B classification for time remaining (including through recapture) on the beneficiary's full period of authorized admission; or

    C. You are seeking an extension beyond the 6-year period of authorized admission limitation based on sections 104(c) or 106(a) and 106(b) of the American Competitiveness in the Twenty-first Century Act (AC21); or

8. The petitioner is an employer eligible for the Guam-CNMI cap exemption pursuant to Public Law 110-229.

## H-2A Nonimmigrants

**The H-2A classification is for beneficiaries coming to the United States temporarily to perform agricultural labor or services of a temporary or seasonal nature.**

Write **H-2A** in the classification block.

**Total number of workers:** The total number of workers you request on an H-2A petition must not exceed the number of workers approved by the Department of Labor on the temporary labor certification. If naming beneficiaries, a single H-2A petition may not include more than 25 named workers. A petitioner may file additional petitions if requesting more than 25 named workers.

**Naming beneficiaries.** Generally, you may request named or unnamed workers as beneficiaries of an H-2A petition. However, you may not request both named and unnamed workers on the same H-2A petition.

Workers must be named if you request workers who are currently in the United States.

The petition may be filed by:

1. The employer listed on the temporary labor certification;

2. The employer's agent; or

3. The association of U.S. agricultural producers named as a joint employer on the temporary labor certification.

The H-2A petitioner, employer (if different from the petitioner), and each joint employer must complete and sign the relevant sections of the H Classification Supplement. A separate **Part C.** of the H Classification Supplement must be submitted for each joint employer.

Additionally, the petitioner must submit:

1. A single valid temporary labor certification from the U.S. Department of Labor;* and

2. Evidence showing that each named beneficiary meets the minimum job requirements stated in the temporary labor certification at the time the certification application was filed.

    * Under certain emergent circumstances, as determined by USCIS, petitions requesting a continuation of employment with the same employer for 2 weeks or less are exempt from the temporary labor certification requirement. See 8 CFR 214.2(h)(5)(x).

## H-2B Nonimmigrants

**The H-2B classification is for beneficiaries coming to the United States temporarily to engage in nonagricultural services or labor that is based on the employer's seasonal, intermittent, peak load, or one-time need.**

Write **H-2B** in the classification block.

**Total number of workers:**  The total number of workers you request on an H-2B petition must not exceed the number of workers approved by the Department of Labor on the temporary labor certification.  If naming beneficiaries, a single H-2B petition may not include more than 25 named workers.  A petitioner may file additional petitions if requesting more than 25 named workers.

**Naming beneficiaries.**  Generally, you may request named or unnamed workers as beneficiaries of an H-2B petition. However, you may not request both named and unnamed workers on the same H-2B petition.

Workers must be named if you request workers who are currently in the United States.

The H-2B petition must be filed by a U.S. employer, a U.S. agent, or a foreign employer filing through a U.S. agent.  The H-2B petitioner and employer (if different from the petitioner) must complete and sign the relevant sections of the H Classification Supplement.

Additionally, the petitioner must submit:

1.  An approved temporary labor certification from the U.S. Department of Labor (or the Governor of Guam, if the employment will occur in Guam);** and

2.  Evidence showing that each named beneficiary meets the minimum job requirements, if any, stated on the temporary labor certification.

    **  Petitions filed on behalf of Canadian musicians who will be performing for 1 month or less within 50 miles of the U.S. - Canadian border do not require a temporary labor certification.  Petitions which require work in the jurisdictions of both the U.S. and Guam Departments of Labor must submit an approved temporary labor certification from each agency.

### H-2B Start Date

A petition for H-2B workers must request an employment start date that matches the start date approved by the U.S. Department of Labor or Guam Department of Labor on the temporary labor certification.  Petitions without matching start dates may be denied.  This does not apply to amended petitions which request to substitute H-2B workers using the same temporary labor certificate.

### Additional Information Regarding H-2A and H-2B Petitions

### Prohibited H-2A and H-2B Fees

As a condition of approval of an H-2A or H-2B petition, no job placement fee, fee or penalty for breach of contract, or other fee, penalty, or compensation (either direct or indirect) related to the H-2A or H-2B employment (collectively, "prohibited fees") may be collected at any time from a beneficiary of an H-2A or H-2B petition or any person acting on the beneficiary's behalf by a petitioner, a petitioner's employee, agent, attorney, facilitator, recruiter, or similar employment service, or any employer (if different from the petitioner).  The term "similar employment service" refers to any person or entity that recruits or solicits prospective beneficiaries of the H-2 petition.  This includes recruitment or employment services offered by private, nongovernmental individuals and entities, as well as quasi-governmental entities and governmental entities, whether or not such person or entity is located in the United States.  Further, in the H-2A context, no such fee related to the H-2A employment may be collected by a petitioner's joint employers, including a petitioner's member employers if the petitioner is an association of United States agricultural producers, whether before or after the filing or approval of a petition.  Prohibited fees may include, but are not limited to, deduction or withholding of wages or salary, whether or not such deduction or withholding of wages or salary provides some benefit to the beneficiary. The passing of a cost to the beneficiary that, by statute or applicable regulations is the responsibility of the petitioner, constitutes the collection of a prohibited fee.

It is not prohibited for workers to provide reimbursement for costs paid on their behalf that are the responsibility and primarily for the benefit of the worker, such as government-required passport fees.  Furthermore, it is not prohibited for employers to reimburse a worker for fees or expenses incurred by the worker where such reimbursement is specifically permitted by, and made in compliance with, all applicable federal, state and/or local statute or regulations.

The petition should be filed with evidence that indicates the beneficiaries have not paid, and will not pay, prohibited fees.

The petition will be denied or revoked if USCIS determines that the petitioner or any petitioner's employee, agent, attorney, facilitator, recruiter, or similar employment service, or any employer or joint employer, collected, or entered into an agreement to collect, prohibited fees, as described above, whether before or after the filing of the petition.

The only exceptions to a mandatory denial or revocation for prohibited fees are as follows.

If the petitioner or any of its employees collected or entered into an agreement to collect a prohibited fee, a petitioner must demonstrate through clear and convincing evidence that:

1. The petitioner made ongoing, good faith reasonable efforts to prevent and learn of the prohibited fee(s) collection or agreement by such parties throughout the recruitment, hiring, and employment process;

2. Extraordinary circumstances beyond the petitioner's control resulted in the petitioner's failure to prevent collection or entry into agreement for collection of prohibited fees;

3. The petitioner took immediate remedial action as soon as the petitioner became aware of the payment or agreement to pay prohibited fees, including ensuring the termination of any agreement to collect such fees; and

4. The petitioner fully reimbursed all affected beneficiaries or the beneficiaries' designees if applicable (see note below).

If any employer, agent, attorney, facilitator, recruiter, or similar employment service collected or entered into an agreement to collect a prohibited fee, a petitioner must demonstrate through clear and convincing evidence that:

1. The petitioner made ongoing, good faith reasonable efforts to prevent and learn of the prohibited fee(s) collection or agreement by such parties throughout the recruitment, hiring, and employment process.  (A written contract between the petitioner and any agent, attorney, facilitator, recruiter, similar employment service, or member employer stating that such fees were prohibited will not, by itself, be sufficient to meet this standard of proof.);

2. The petitioner took immediate remedial action as soon as it became aware of the payment of the prohibited fee or agreement; and

3. All affected beneficiaries or the beneficiaries' designees, if applicable, have been fully reimbursed (see note below).

**NOTE:**  A beneficiary's designee may be reimbursed only if an affected beneficiary cannot be located or is deceased. A designee must be an individual or entity for whom the beneficiary has provided prior written authorization to receive such reimbursement, as long as the petitioner or its agent, employer, attorney, facilitator, recruiter, or similar employment service would not act as such designee or derive any financial benefit, either directly or indirectly, from the reimbursement.

If the petition was denied or revoked for prohibited fees, or if the petitioner withdrew the petition after USCIS issued a notice of intent to deny or revoke on this basis, any H-2A or H-2B petition that the petitioner or the petitioner's successor in interest files within 1 year after the decision or acknowledgment of withdrawal will be denied.  After such 1-year period, any H-2A or H-2B petition that the petitioner or the petitioner's successor in interest files will be denied for an additional 3 years unless each affected beneficiary, or their designee as appropriate, has been reimbursed in full.  Denial on this basis will apply to petitions for both the H-2A and H-2B classifications regardless of whether the denial, revocation, or withdrawal occurred in the H-2A or H-2B program.

**Other Violations**

USCIS has the authority to deny H-2A or H-2B petitions if the petitioner has been found to have committed certain serious labor law violations or otherwise violated the requirements of the H-2A or H-2B program.  Prospective denials under this provision will apply across both H-2 classifications regardless of whether the violation occurred in the H-2A or H-2B program.  For the purposes of this denial authority, a criminal conviction or final administrative or judicial determination against any one of the following individuals will be treated as a conviction or final administrative or judicial determination against the petitioner or successor in interest:

1. An individual acting on behalf of the petitioner, which could include, among others, the petitioner's owner, employee, or contractor; or

2. For the purposes of discretionary denial, any employee of the petitioner who a reasonable person in the H-2A or H-2B worker's position would believe is acting on behalf of the petitioner.

The term "successor in interest" means an employer that is controlling and carrying on the business of a previous employer regardless of whether such successor in interest has succeeded to all of the rights and liabilities of the predecessor entity. USCIS looks at 8 CFR 214.2(h)(5)(xi)(C) and (6)(i)(D) to determine whether an employer is a successor in interest.

Whether the denial is mandatory or discretionary will depend on the nature of the past violation(s), as described below.

### Mandatory Denial

USCIS is required by regulation to deny any H-2A or H-2B petition filed on or after January 17, 2025 by a petitioner (or its successor in interest) that has been the subject of one or more of the following actions:

1. A final administrative determination by the Secretary of Labor debarring the petitioner from filing or receiving a future labor certification under 20 CFR part 655 subpart A or B, 29 CFR parts 501 or 503, or a final administrative determination by the Governor of Guam debarring the petitioner from issuance of future labor certifications under applicable Guam regulations and rules, if the petition is filed during the debarment period, or if the debarment occurs during the pendency of the petition, and the final administrative determination debarring the petitioner is made on or after January 17, 2025;

2. A final USCIS denial or revocation decision made on a prior H-2A or H-2B petition filed on or after January 17, 2025 that includes a finding of fraud or willful misrepresentation of a material fact during the pendency of the petition or within 3 years prior to filing the petition; or

3. A final determination of violation(s) under section 274(a) of the Act made on or after January 17, 2025, and during the pendency of the petition or within 3 years prior to filing the petition.

### Discretionary Denial

USCIS may deny any H-2A or H-2B petition filed by a petitioner (or its successor in interest) on or after January 17, 2025, that has been the subject of one or more of the following actions during the pendency of the petition (except as provided in **Item 1.B.** below), or within 3 years prior to filing the petition, if USCIS determines that the underlying violation(s) calls into question the petitioner's or successor's intention and/or ability to comply with H-2A or H-2B program requirements.

1. A final administrative determination by the Secretary of the U.S. Department of Labor or Governor of Guam with respect to a prior H-2A or H-2B temporary labor certification that includes:

   A. Revocation of an approved temporary labor certification under 20 CFR 655 Subpart A or B, or applicable Guam regulations and rules;

   B. Debarment under 20 CFR 655 subpart A or B, 29 CFR parts 501 or 503, or applicable Guam regulations and rules, if the debarment period has concluded prior to filing the petition; or

   C. Any other administrative sanction or remedy under 29 CFR part 501 or 503, or applicable Guam regulations and rules, including assessment of civil money penalties as described in those parts.

2. A final USCIS decision revoking the approval of a prior petition that includes one or more of the following findings: the beneficiary was not employed by the petitioner in the capacity specified in the petition; the statement of facts contained in the petition or on the application for a temporary labor certification was not true and correct, or was inaccurate; the petitioner violated terms and conditions of the approved petition; or the petitioner violated requirements of section 101(a)(15)(H) of the Act or paragraph (h) of this section.

3. Any Federal, state, or local final administrative or judicial determination (other than one described in 8 CFR 214.2(h)(10)(iv)(A)) that the petitioner violated any applicable employment-related laws or regulations, including health and safety laws or regulations.

If the petitioner has been the subject of one of the above determinations, the petitioner must demonstrate to USCIS that the underlying violation(s) does not call into question its intent and ability to comply with H-2 program requirements. In determining whether the violation(s) underlying the above determinations call into question the petitioner's (or successor's) intent and ability to comply with H-2 program requirements, USCIS will consider all relevant factors including, but not limited to:

1. The recency and number of violation(s);

2. The egregiousness of the violation(s), including how many workers were affected, and whether it involved a risk to the health or safety of workers;

3. Overall history or pattern of prior violation(s);

4. The severity or monetary amount of any penalties imposed;

5. Whether the final determination, decision, or conviction included a finding of willfulness;

6. The extent to which the violator achieved a financial gain due to the violation(s), or the potential financial loss or potential financial injury to the workers;

7. Timely compliance with all penalties and remedies ordered under the final determination(s), decision(s), or conviction(s); and

8. Other corrective actions taken by the petitioner or its successor in interest to cure its violation(s) or prevent future violations.

**NOTE:  You should submit any evidence that relates to the above factors or that is otherwise relevant to your past violations and/or your intent and ability to comply with program requirements going forward.**  If USCIS has previously determined that a petitioner (or the preceding entity, if the petitioner is a successor in interest) has established its intention and the ability to comply with H-2A or H-2B program requirements based on the same violation(s), USCIS will not seek to deny a petition under paragraph (h)(10)(iv)(B), unless there is evidence of a new material fact or if USCIS determines that its previous determination was based on a material error of law.

## Notification Requirements

By filing an H-2A or H-2B petition, the petitioner agrees to notify USCIS within 2 work days if an H-2A or H-2B worker:

1. Does not report to work within 5 workdays after the employment start date stated on the petition or within 5 workdays after the start date as established by the H-2A employer, whichever is later;

2. Completes the labor or services more than 30 days earlier than the employment end date stated on the petition;

3. Does not report for work for a period of 5 consecutive workdays without the consent of the employer; or

4. Is terminated prior to the completion of the services or labor.

The above notification requirement is an employer obligation and does not establish wrongdoing on the part of the worker. Further, USCIS does not consider the information provided in an employer notification, alone, to be conclusive evidence regarding the worker's current status.

Failure to comply with this agreement may result in penalties against the petitioner.  See **www.uscis.gov/h-2a** and **www.uscis.gov/h-2b**, respectively, for more information, including the appropriate manner of notifying DHS.

## Filing Multiple Petitions

You generally may file one petition to request all of your H-2A or H-2B workers associated with one temporary labor certification (with a limit of 25 named workers per petition).  In cases where filing a separate petition is not required, it may nevertheless be advantageous to file more than one H-2A or H-2B petition instead.  This can occur when you petition for multiple workers, some of whom may not qualify for part or all of the validity period you request.  This most frequently occurs when:

1. You request workers who have an uninterrupted period of absence of at least 60 days from the United States; or

2. At least one worker is nearing the 3-year maximum stay limit.

If we request additional evidence because of these situations, it may delay petition processing. Filing separate petitions for workers who are not affected by these scenarios may enable you to quickly obtain some workers, if they are otherwise eligible, in the event that the petition for your other workers is delayed.

If you decide to file more than one petition with the same temporary labor certification, you may do so if:

1. The total number of beneficiaries on your petitions does not exceed the total number of workers approved by the U.S. Department of Labor on the temporary labor certification; and

2. Each petition is accompanied by a copy of the same temporary labor certification.

**Period of Absence**

An absence from the United States for an uninterrupted period of at least 60 days will provide a new total of 3 years of H-2A or H-2B status that may be granted.

The 3-year maximum period of stay in H-2A or H-2B status does not automatically restart if the worker departs the United States. It restarts only if the absence is for a continuous period of at least 60 days.

**Recruitment of H-2A and H-2B Workers**

The petitioner must provide the name(s) and address(es) of all agents, facilitators, recruiters, or similar employment services hired by or working for the petitioner to locate and/or recruit the H-2A or H-2B workers that the petitioner intends to hire by filing this petition. The petitioner must provide this information regardless of whether the petitioner has a direct or indirect contractual relationship, and whether such person or entity is located inside or outside the United States or is a governmental or quasi-governmental entity.

**NOTE:** U.S. Department of Labor regulations require H-2A petitioners to continue to keep foreign labor recruiter information up to date until the end of the work contract period, with this updated information available in the event of a post-certification audit or upon request by the Department of Labor. Additionally, the Department of State may request up to date foreign labor recruiter information at the time of visa application.

**H-3 Nonimmigrants (Two Types)**

**The H-3 classification is for beneficiaries coming to the United States temporarily to participate in a special education exchange visitor program in the education of children with physical, mental, or emotional disabilities.**

Write **H-3** in the classification block.

**Including more than one beneficiary in a petition.** You may include up to 25 beneficiaries on the same petition if all beneficiaries will receive the same training for the same period of time in the same location. If you seek H-3 classification for more than 25 beneficiaries, you must file more than one petition.

Any custodial care of the children must be incidental to the training program. The petition must be filed by a U.S. employer, which must be a facility which has professionally trained staff and a structured program for providing education to children with disabilities and training and hands-on experience to participants in the special education exchange visitor program. The petition must be filed with:

1. A description of the training, staff, and facilities; evidence that the program meets the above conditions; and details of the beneficiary's participation in the program; and

2. Evidence showing that the beneficiary is nearing completion of a baccalaureate degree in special education, or already holds such a degree, or has extensive prior training and experience in teaching children with physical, mental, or emotional disabilities.

**The H-3 classification is also for beneficiaries coming to the United States temporarily to receive training from an employer in any field other than graduate medical education or training.**

Write **H-3** in the classification block.

The petition must be filed with:

1. A detailed description of the structured training program, including the number of classroom hours per week and the number of hours of on-the-job training per week;

2. A summary of the prior training and experience of each beneficiary in the petition; and

3. An explanation stating why the training is required, whether similar training is available in the beneficiary's country, how the training will benefit the beneficiary in pursuing a career abroad, the source of any remuneration the trainee will receive and any benefit the petitioner will obtain by providing the training.

## L-1 Nonimmigrants (Two Types)

**The L-1A classification is for beneficiaries coming to the United States temporarily to perform services in a managerial or executive capacity** for the same employer (or for the parent, branch, subsidiary, or affiliate of the employer) that employed the beneficiary abroad in a capacity that was managerial or executive in nature, or one that required specialized knowledge, for at least 1 continuous year within the last 3 years.  In the case of an L-1A beneficiary who is coming to the United States to set up a new office, the 1 year of experience abroad must have been in an executive or managerial capacity.

Write **L-1A** in the classification block.

Either a U.S. employer or foreign employer may file the petition, but the foreign employer must have a legal business entity in the United States.

**The L-1B classification is for beneficiaries coming to the United States temporarily to perform services that require specialized knowledge** for the same employer (or for the parent, branch, subsidiary, or affiliate of the employer) that employed the beneficiary abroad in a capacity that was managerial or executive in nature, or one that required specialized knowledge for at least 1 continuous year within the last 3 years.\*\*\*  **Specialized knowledge** is either: (a) special knowledge of the petitioning employer's product, service research, equipment, techniques, management, or other interests and its application in international markets or (b) an advanced level of knowledge or expertise in the employing organization's processes or procedures.

\*\*\*   In the case of blanket petitions, the L-1B must be a specialized knowledge professional.  There is no requirement, however, that the person have acted in a "professional capacity" while abroad for purposes of meeting the one-year requirement.

Write **L-1B** in the classification block.

## General L Classification Requirements

Either a U.S. or foreign employer may file the petition.

The petition must be filed with:

1. Evidence establishing the existence of the qualifying relationship between the U.S. and foreign employer based on ownership and control, such as:  an annual report, articles of incorporation, financial statements, or copies of stock certificates.  **Note:**  Whether such evidence will be sufficient to meet the petitioner's burden of establishing such a qualifying relationship will depend on the quality and probative value of the evidence submitted.

2. Evidence of the beneficiary's employment for the required one year abroad in, as applicable, a managerial, executive, or specialized knowledge capacity.  Such evidence may include, but is not limited to, a letter from the beneficiary's foreign qualifying employer detailing his or her dates of employment, job duties, and qualifications, along with supporting documentary evidence; and

3. A description of the proposed job duties and qualifications, and evidence showing that the proposed employment is in an executive, managerial, or specialized knowledge capacity.

## Evidence for a New Office

In addition to the evidence required under the **General L Classification Requirements** section above, if the beneficiary is coming to the United States to open or to be employed in a new office in the United States, the petitioner must submit evidence to show the following:

**For managerial or executive capacity (L-1A):**

1. Sufficient physical premises to house the new office have been secured;

2. The beneficiary has been employed for 1 continuous year in the 3-year period preceding the filing of the petition in an executive or managerial capacity and that the proposed employment involves executive or managerial authority over the new operation; and

3. The intended U.S. operation, within 1 year of approval, will support an executive or managerial position. This statement should be supported by information regarding:

   A. The proposed nature of the office describing the scope of the entity, its organizational structure, and its financial goals;

   B. The size of the United States investment and the foreign entity's financial ability to remunerate the beneficiary and to commence doing business in the United States; and

   C. The organizational structure of the foreign entity.

**For specialized knowledge capacity (L-1B):**

1. Sufficient physical premises to house the new office have been secured; and

2. The petitioner has the financial ability to remunerate the beneficiary and to commence doing business in the United States.

## O-1A Nonimmigrants

**The O-1A classification is for beneficiaries coming to the United States temporarily who have extraordinary ability in the sciences, education, business, or athletics (not including the arts, motion picture, or television industry). The extraordinary ability must be demonstrated by sustained national or international acclaim.**

Write **O-1A** in the classification block.

The petition must be filed with:

1. A written consultation from a peer group or labor and/or management organization with expertise in the field (which could include a person or persons with expertise in the field (see **General Evidence**);

2. A copy of any written contract between the employer and the beneficiary or a summary of the terms of the oral agreement under which the beneficiary will be employed;

3. An explanation of the nature of the events or activities, the beginning and ending dates for the events or activities, and a copy of any itinerary for the events and activities; and

4. Evidence of the beneficiary's extraordinary ability, such as receipt of major nationally or internationally recognized awards or prizes for excellence in the field, documentation of the beneficiary's membership in associations in the field which require outstanding achievements of their members, published material relating to the beneficiary's work, evidence of the beneficiary's original scholarly work or, contributions of major significance to the field, evidence of the beneficiary's high salary within the field, evidence that the beneficiary participated individually on a panel that judges the work of others in the field, or evidence of the beneficiary's prior employment in a critical or essential capacity for organizations and establishments that have a distinguished reputation.

**NOTE:** If the preceding forms of evidence do not readily apply to the beneficiary's field of endeavor, you may submit other comparable evidence.

## O-1B Nonimmigrants

**The O-1B classification is for beneficiaries coming to the United States temporarily who have extraordinary ability in the arts or extraordinary achievement in the motion picture or television industry.**

Write **O-1B** in the classification block.

The petition must be filed with:

1. A written consultation from a peer group (which could be a person with expertise in the beneficiary's field), a labor, and/or a management organization (see **General Evidence**).  If the petition is based on the beneficiary's extraordinary achievement in the motion picture or television industry, separate consultations are required from the relevant labor and management organizations;

2. A copy of any written contract between the employer and the beneficiary or a summary of the terms of the oral agreement under which the beneficiary will be employed;

3. Evidence that the beneficiary has received or been nominated for significant national or international awards or prizes in the field, such as an Academy Award, Emmy, Grammy, or Director's Guild Award, or at least **three** of the following:

    A. Evidence that the beneficiary has performed and will perform as a lead or starring participant in productions or events that have a distinguished reputation as evidenced by critical reviews, advertisements, publicity releases, publications contracts, or endorsements;

    B. Evidence that the beneficiary has achieved national or international recognition for achievements in the field as evidenced by critical reviews or other published materials by or about the individual in major newspapers, trade journals, magazines, or other publications;

    C. Evidence that the beneficiary has a record of major commercial or critically acclaimed successes, as evidenced by title, rating, standing in the field, box office receipts, and other occupational achievements reported in publications;

    D. Evidence that the beneficiary has received significant recognition from organizations, critics, government agencies, or other recognized experts;

    E. Evidence that the beneficiary commands or will command a high salary or other remuneration for services in relation to others in the field; or

    F. Evidence that the beneficiary has performed and will perform in a lead or starring role for organizations that have a distinguished reputation.

**NOTE:**  If you are applying for O-1B in the Arts and the preceding forms of evidence do not readily apply to the beneficiary's field of endeavor, you may submit other comparable evidence.

## O-2 Nonimmigrants

**The O-2 classification is for beneficiaries coming to the United States temporarily and solely to assist in the performance of an O-1 artist or athlete because he or she performs support services that are integral to the successful performance of the O-1.  No test of the U.S. labor market is required.  The beneficiary must have critical skills and experience with the O-1 which must not be of a general nature or possessed by U.S. workers.**

Write **O-2** in the classification block.

This form must be filed in conjunction with an O-1 petition and filed with:

1. A written consultation (see **General Evidence**);

    A. If it is for support of an athlete or an alien with extraordinary ability in the arts, the consultation must be from an appropriate labor organization; or

    B. If it is for support of an alien with extraordinary achievement in motion pictures or television, the consultation must be from an appropriate labor organization and management organization.

2. Evidence of the current essentiality, critical skills, and experience of the O-2 with the O-1 and evidence that the beneficiary has substantial experience performing the critical skills and essential support services for the O-1 principal nonimmigrant.  In the case of a specific motion picture or television production, the evidence must establish that significant production has taken place outside the United States, and will take place inside the United States, and that the continuing participation of the beneficiary is essential to the successful completion of the production.

**Including more than one beneficiary in a petition.**  You may include up to 25 beneficiaries seeking O-2 classification on the same petition if they will all be assisting the same O-1 for the same events or performances, during the same period of time, and in the same location.

If you seek O classification for more than 25 beneficiaries, or if the above conditions do not apply, you must file a separate petition.

Employers must file separate petitions for O-2 accompanying aliens providing essential support. These beneficiaries may not be included in the same petition as the O-1 principal they seek to accompany.

## P-1A or P-1 Major League Sports

**The P-1A classification is for beneficiaries coming to the United States temporarily to perform at a specific athletic competition as an individual or as part of a group or team participating at an internationally recognized level of performance.**

P-1 Major League Sports classification is for an association of teams or clubs that compete chiefly among themselves which include major league athletes, minor league sports, and any affiliates associated with the major leagues including but not limited to baseball, hockey, soccer, basketball, and football. Support personnel for Major League Sports include coaches, trainers, broadcasters, referees, linesmen, umpires, and interpreters.

Write **P-1A** in the classification block.

**Including more than one beneficiary in a petition.** You may include up to 25 beneficiaries on the same petition, provided that the beneficiaries are all members of a team. If you seek P-1A or P-1 classification for more than 25 beneficiaries, you must file more than one petition.

The petition must be filed with:

1. A written consultation (see **General Evidence**);

2. A copy of the contract with a major U.S. sports league or team or a contract in an individual sport commensurate with national or international recognition in the sport, if such contracts are normally utilized in the sport; and

3. Evidence of at least **two** of the following:

   A. Significant participation in a prior season with a major U.S. sports league;

   B. Significant participation in a prior season for a U.S. college or university in intercollegiate competition;

   C. Participation in international competition with a national team;

   D. A written statement from a member of the sports media or a recognized expert in the sport which details how the beneficiary or team is internationally recognized;

   E. A written statement from an official of a major U.S. sports league or official of the governing body for a sport that details how the beneficiary or team is internationally recognized;

   F. That the beneficiary or team is ranked if the sport has international rankings; or

   G. That the beneficiary or team has received a significant honor or award in the sport.

## P-1B Entertainer or Entertainment Group

**The P-1B classification is for beneficiaries coming to the United States temporarily to perform as a member of an entertainment group that has been recognized internationally as outstanding in the discipline for a substantial period of time, and who has had a sustained relationship with the group (ordinarily for at least 1 year).**

Write **P-1B** in the classification block.

**Including more than one beneficiary in a petition.** You may include up to 25 beneficiaries on the same petition, provided that the beneficiaries are all members of a group. If you seek P-1B classification for more than 25 beneficiaries, you must file more than one petition.

The petition must be filed with:

1. A written consultation (see **General Evidence**);

2. Evidence that the beneficiary or group is internationally recognized in the discipline as demonstrated by the submission of evidence of the group's receipt of or nomination for significant international awards or prizes for outstanding achievement, or evidence of at least **two** of the following:

**A.** The beneficiary or group has performed, and will perform as a starring or leading group in productions or events with a distinguished reputation;

**B.** The beneficiary or group has achieved international recognition and acclaim for outstanding achievement in the field;

**C.** The group has performed, and will perform, services as a star or leading group for organizations and establishments that have a distinguished reputation;

**D.** The beneficiary or group has a record of major commercial or critically acclaimed success;

**E.** The beneficiary or group has received significant recognition for achievements from critics, organizations, government agencies, or other recognized experts in the field; or

**F.** The beneficiary or group commands a high salary or other substantial remuneration for services compared to other similarly situated in the field.

**3.** Evidence that 75 percent of the members of the group have had a sustained and substantial relationship with the group for at least 1 year. Provide a list of the benefiriary's functions which are integral to the group's performance.

By filing for a P-1 group, the petitioner certifies that at least 75 percent of the group members have been performing regularly together for at least 1 year. The 1-year requirement does not apply to circus groups coming to perform with nationally recognized circuses.

Attach a separate statement to the form to request a waiver of:

**1.** The 1-year relationship requirement due to exigent circumstances; or

**2.** The international recognition requirement **(1)** due to emergent circumstances, or **(2)** because the group has been nationally recognized as outstanding in its discipline for a sustained and substantial period of time.

## P-2 Nonimmigrants

**The P-2 classification is for beneficiaries coming to the United States temporarily to perform as an artist or entertainer, individually or as part of a group, under a reciprocal exchange program between an organization in the United States and an organization in another country.**

Write **P-2** in the classification block.

**Including more than one beneficiary in a petition.** You may include up to 25 beneficiaries on the same petition, provided that the beneficiaries are all members of a group. If you seek P-2 classification for more than 25 beneficiaries, you must file more than one petition.

The petition must be filed by the sponsoring organization or U.S. employer with:

**1.** A written consultation (see **General Evidence**);

**2.** A copy of the reciprocal exchange program agreement;

**3.** A statement from the sponsoring organization describing the reciprocal agreement as it relates to the petition;

**4.** Evidence that the beneficiary and the U.S. artist or group have comparable skills and that the terms of employment are similar; and

**5.** Evidence that an appropriate labor organization in the United States was involved in negotiating or concurred with the exchange.

## P-3 Nonimmigrants

**The P-3 classification is for beneficiaries coming to the United States temporarily to perform, teach, or coach, individually or as part of a group, in the arts or entertainment fields in a program that is culturally unique and which will further the understanding or development of the art form.**

Write **P-3** in the classification block.

**Including more than one beneficiary in a petition.** You may include up to 25 beneficiaries on the same petition, provided that the beneficiaries are all members of a group. If you seek P-3 classification for more than 25 beneficiaries, you must file more than one petition.

The petition must be filed with:

1. A written consultation (see **General Evidence**);

2. Evidence that all performances will be culturally unique events; and **either**

   A. Affidavits, testimonials, or letters from recognized experts attesting to the authenticity of the beneficiary's or group's skills in performing, presenting, coaching, or teaching art forms; **or**

   B. Documentation that the performance of the beneficiary or group is culturally unique as evidenced by actual reviews in newspapers, journals, or other published material.

## Essential Support Personnel

**The P-1S, P-2S, or P-3S classification are for beneficiaries** coming to the United States temporarily as essential and integral parts of the competition or performance of a principal P-1 athlete, athletic team or entertainment group, P-2, or P-3 entertainer or entertainment group, because they perform support services which cannot be readily performed by a U.S. worker and which are essential to the successful performance or services of the principal P-1, P-2, or P-3. The accompanying personnel must have appropriate qualifications, prior experience and critical knowledge of the specific services to be performed by the principal P-1, P-2, or P-3 petition.

Write **P-1S, P-2S,** or **P-3S** as appropriate in the classification block.

**Including more than one beneficiary in a petition.** You may include up to 25 beneficiaries on the same petition if they will provide essential support to P-1, P-2, or P-3 beneficiaries performing in the same location and in the same occupation. If you seek P-1, P-2, or P-3 classification for more than 25 beneficiaries, or seek different classifications for each beneficiary, you must file more than one petition.

The petition must be filed with:

1. A written consultation (see **General Evidence**);

2. Evidence of the beneficiary's qualifications to perform the services, if any;

3. A statement describing the beneficiary's critical knowledge of the specific services to be performed and prior experience with the principal P-1, P-2, or P-3;

4. Statements or affidavits from persons with first-hand knowledge that the beneficiary has had experience performing the critical skills and essential support services for the principal P-1, P-2, or P-3; and

5. A copy of any written contract between the employer and the beneficiary or a summary of the terms of the oral agreement under which the beneficiary will be employed.

## Q-1 Nonimmigrants

**The Q-1 classification is for beneficiaries coming to the United States temporarily to participate in an international cultural exchange program for the purpose of providing practical training, employment, and the sharing of the history, culture, and traditions of the country of the beneficiary's nationality.**

The culture sharing must take place in a school, museum, business, or other establishment where the public, or a segment of the public sharing a common cultural interest, is exposed to aspects of a foreign culture as part of a structured program.

The work component of the program may not be independent of the cultural component, but must serve as the vehicle to achieve the objectives of the cultural component. An employer (U.S. or foreign firm, corporation, nonprofit organization, or other legal entity) or its designated agent may file the petition. If a designated agent is filing the petition, that agent must be employed by the qualified employer on a permanent basis in an executive or managerial capacity and must be either a U.S. citizen or lawful permanent resident.

Write **Q-1** in the classification block on the petition.

The petition must be filed with evidence showing that the employer:

1. Maintains an established international cultural exchange program;

2. Has designated a qualified employee to administer the program and serve as a liaison with USCIS;

3. Is actively doing business in the United States;

4. Will offer the beneficiary wages and working conditions comparable to those accorded local domestic workers similarly employed; and

5. Has the financial ability to remunerate the participants.

To demonstrate that the petitioner has an established international cultural exchange program, submit program documentation, such as catalogs, brochures, or other types of material.

To demonstrate financial ability to remunerate the participants, submit your organization's most recent annual report, business income tax return, or other form of certified accountant's report.

If the proposed dates of employment are within the same calendar year of a previously approved Q-1 petition filed for the same international cultural exchange program, a copy of the approval notice for that prior petition may be submitted in lieu of the required evidence about the program described above.

### R-1 Nonimmigrants

**The R-1 classification is for beneficiaries coming to the United States temporarily to be employed at least part time (average of at least 20 hours per week) by a bona fide nonprofit religious organization in the United States (or a bona fide organization that is affiliated with the religious denomination in the United States) to work:**

1. Solely as a minister;

2. In a religious vocation; or

3. In a religious occupation.

To qualify, the beneficiary must have been a member of a religious denomination that has a bona fide nonprofit religious organization in the United States, for at least 2 years immediately preceding the filing of the petition.

Write **R-1** in the classification block.

Petitions for R-1 classification may not include more than one beneficiary.

The petition must be filed by a U.S. employer with:

1. Evidence relating to the petitioning organization:

   **A.** Currently valid determination letter from the Internal Revenue Service (IRS) establishing that the organization is a tax-exempt organization; or

   **B.** For a religious organization that is recognized as tax-exempt under a group tax-exemption, a currently valid determination letter from the IRS establishing that the group is tax exempt; or

   **C.** For a bona fide organization that is affiliated with the religious denomination, if the organization was granted tax-exempt status under section 501(c)(3) of the Internal Revenue Code (IRC) of 1986, or any subsequent amendments or equivalent sections of prior enactments of the IRC, as something other than a religious organization

   **(1)** A currently valid determination letter from the IRS establishing that the organization is a tax-exempt organization;

   **(2)** Documentation that establishes the religious nature and purpose of the organization, such as a copy of the organizing instrument of the organization that specifies the purposes of the organization;

   **(3)** Organizational literature, such as books, articles, brochures, calendars, flyers, and other literature describing the religious purpose and nature of the activities of the organization; and

   **(4)** Religious Denomination Certification, which is part of the R-1 Classification Supplement to Form I-129, completed, signed, and dated by the religious organization certifying that the petitioning organization is affiliated with the religious denomination.

2. Employer Attestation, which is part of the R-1 Classification Supplement to Form I-129, completed, signed, and dated by an authorized official of the petitioner;

3. Verifiable evidence of how the petitioner intends to compensate the beneficiary, including salaried or non-salaried compensation;

4. If the beneficiary will be self-supporting, the petitioner must submit documentation establishing that the position the beneficiary will hold is part of an established program for temporary, uncompensated missionary work, which is part of a broader international program of missionary work sponsored by the denomination;

5. Evidence that the beneficiary has been a member in the religious denomination during at least the 2 years immediately preceding the filing of the petition; and

6. Evidence to establish the beneficiary is qualified to perform the duties of the offered position.

---

## Part 2.  Petition Only Required for a Nonimmigrant in the United States to Change Status or Extend Stay

The following classifications listed in this **Part 2.** do not require a petition for new employment if the applicant is outside the United States.

Use this Form I-129 when the beneficiary is physically present in the United States and a change of status, concurrent employment, or an extension of stay is needed.  **Note:**  The beneficiary must be maintaining lawful status in the United States to remain eligible for the benefit sought.

### E-1 Nonimmigrants

**The E-1 classification is for nonimmigrants who are nationals of a country with which the United States maintains a qualifying treaty or an international agreement, or which has been deemed a qualifying country by legislation, and who are coming to the United States to carry on substantial trade principally between the United States and the nonimmigrant's country of nationality.  The Department of State maintains a list of countries with qualifying treaties.  See https://travel.state.gov/content/visas/en/fees/treaty.html for a list of qualifying countries.**

Write **E-1** in the classification block.

**Qualifying trade** involves the commercial exchange of goods or services in the international market place.  **Substantial trade** is an amount of trade sufficient to ensure continuous flow of international trade items between the United States and the treaty country.  **Principal trade** exists when more than 50 percent of the E-1's total volume of international trade is conducted between United States and the treaty country.

An employee of an E-1 treaty trader who possesses the same nationality as the E-1 employer may also be classified as E-1. The employee must principally and primarily perform executive or supervisory duties or possess special qualifications that are essential to the successful or efficient operation of the enterprise.  The E-1 employee may perform work for the parent treaty organization or enterprise, or any subsidiary of the parent organization or enterprise.

The petition must be filed with evidence of:

1. **Ownership and Nationality of the E-1 treaty trader.**  Such evidence may include, but is not limited to, lists of investors with current status and nationality, stock certificates, certificate of ownership issued by the commercial section of a foreign embassy, and reports from a certified personal accountant.

2. **Substantial Trade.**  Evidence of substantial trade may include, but is not limited to, copies of three or more of the following:  bills of lading, customs receipts, letter of credit, trade brochures, purchase orders, insurance papers, documenting commodities imported, carrier inventories, and/or sales contracts, or other probative documentation establishing the requisite substantial trade; and

3. **For E-1 employees only:**  Executive or Supervisory Duties or special qualification essential to the enterprise. Evidence of such duties or qualifications may include, but is not limited to, certificates, diplomas or transcripts, letters from employers describing job titles, duties, operators' manuals, and the required level of education and knowledge.

### E-2 Nonimmigrants

**The E-2 classification is for nonimmigrants who are nationals of a country with which the United States maintains a qualifying treaty or an international agreement, or which has been deemed a qualifying country by legislation, and who are coming to the United States to develop and direct the operations of an enterprise in which the nonimmigrant has invested or is actively in the process of investing a substantial amount of capital.  The Department of State maintains a list of countries with qualifying treaties.  See https://travel.state.gov/content/visas/en/fees/treaty.html for a list of qualifying countries.**

Write **E-2** in the classification block.

An E-2 must demonstrate possession and control of capital and the ability to develop and direct the investment enterprise and the ability to develop and direct the investment enterprise. Capital in the process of being invested or that has been invested must be placed at risk and be irrevocably committed to the enterprise. The enterprise must be a real, active, and operating commercial or entrepreneurial undertaking that produces services or goods for profit. The investment must be substantial and the funds must not have been obtained, directly or indirectly, from criminal activity. The enterprise must be more than marginal.

An employee of an E-2 who possesses the same nationality as the E-2 employer may also be classified as E-2. The employee must principally and primarily perform executive or supervisory duties or possess special qualifications that are essential to the successful or efficient operation of the enterprise.

The petition must be filed with evidence of:

1. **Ownership and Nationality of the E-2 treaty investor.** Such evidence may include, but is not limited to, lists of investors with current status and nationality, stock certificates, certificate of ownership issued by the commercial section of a foreign embassy, and reports from a certified personal accountant.

2. **Substantial investment.** Such evidence may include, but is not limited to, copies of partnership agreements (with a statement on proportionate ownership), articles of incorporation, payments for the rental of business premises or office equipment, business licenses, stock certificates, office inventories (goods and equipment purchased for the business), insurance appraisals, annual reports, net worth statements from certified profession accountants, advertising invoices, business bank accounts containing funds for routine operations, funds held in escrow; and

3. **For E-2 employees only:** Executive or Supervisory Duties or special qualifications essential to the enterprise. Evidence of such duties or qualifications may include, but is not limited to, certificates, diplomas or transcripts, letters from employers describing job titles, duties, operators' manuals, and the required level of education and knowledge.

### Advice on E-1 and E-2 petitions

You must obtain approval from USCIS when substantive changes occur in the terms or conditions of the status of the treaty trader, investor, or E employee. To do this, file Form I-129 and E-1/E-2 Classification Supplement, with fee, and request an extension of stay.

You may seek advice from USCIS to determine whether changes in the terms or conditions in E status are substantive. To obtain advice, file Form I-129 and E-1/E-2 Classification Supplement, with fee. Answer "Yes" to the question on the Supplement which asks whether you are seeking advice.

### Free Trade Nonimmigrants (H-1B1 and TNs)

The Free Trade Nonimmigrant classifications (H-1B1 and TN) are temporary nonimmigrant classifications based on the provisions of a Free Trade Agreement between the United States and the nonimmigrant's country of citizenship. Currently there are two stand-alone Free Trade Nonimmigrant classifications available: TN and H-1B1.

**The TN nonimmigrant classification is for nonimmigrants who are citizens of Canada or Mexico covered by the United States-Mexico-Canada Agreement ("USMCA" formerly North American Free Trade Agreement) coming to the United States to engage temporarily in business activities at a professional level. Depending on the specific type of business activity, a TN must at least have a bachelor's degree or, in certain limited instances, other appropriate credentials which demonstrate status as a professional. The acceptable types of TN business activities at a professional level are listed at 8 CFR 214.6(c).**

Write **TN** in the classification block.

Documentary evidence must be submitted if the applicant is a citizen of Canada and is currently outside the United States **OR** if the applicant is a citizen of Canada or Mexico and is requesting a **"Change of Status"** to TN. The applicant must submit evidence demonstrating that he or she will be engaged in business activities at a professional level and that the applicant possesses the requisite professional qualifications. Acceptable evidence may include, but is not limited to, the following:

1. A letter from the employer stating the activity the beneficiary will be engaged in, the anticipated length of stay, and the arrangements for remuneration;

2. A copy of the beneficiary's last two pay stubs and W-2 if employed in the United States; and

3. Evidence the beneficiary meets the educational and/or licensing requirements for the profession or occupation.

**NOTE:** While a petition is not required, citizens of Canada who are outside the United States may use this form to apply for TN status.

If the applicant is a citizen of Canada or Mexico and is requesting an **"Extension of Stay"** in TN classification, submit evidence, such as a letter, describing the continuing employment and evidence of the beneficiary's continued valid licensing (if required by the profession and/or the state).

**The H-1B1 classification is for nonimmigrants from Chile or Singapore coming to the United States temporarily to perform services in a specialty occupation. See the instructions for H-1B nonimmigrants for the definition of "specialty occupation."**

Write **H-1B1** in the classification block.

Submit all evidence listed in the H Classification Supplement to Form I-129 under **Section 1., Complete This Section If Filing for H-1B1 Classification,** as well as evidence listed in the section of the instructions for H-1B specialty occupation classification. The following supplements must be filed with the petition:

1.  Nonimmigrant Classification Based on a Trade Agreement Supplement; and

2.  H Classification Supplement; and

3.  H-1B Data Collection and Filing Fee Exemption Supplement.

If requesting an **"Extension of Stay,"** submit evidence, such as a letter describing the continuing employment, as well as evidence of the beneficiary's continued valid licensing (if required by the profession and/or the state). Also, if this extension is the 6th consecutive extension requested for this beneficiary, a statement to that effect should be provided.

### Change of Status

A petition for change of status to one of the classifications described in this section must be submitted with the initial evidence detailed above and with the initial evidence required by the separate instructions for all petitions involving change of status.

### Extension of Stay

A petition requesting an extension of stay for an employee in the United States must be filed with a copy of the beneficiary's Form I-94, Nonimmigrant Arrival/Departure Record, and a letter from the petitioner explaining the reasons for the extension. Consult the regulations that relate to the specific nonimmigrant classification sought.

**NOTE:** Dependent family members should use Form I-539 to file for an extension of stay.

A nonimmigrant who must have a passport to be admitted must maintain a valid passport during his or her entire stay. If a required passport is not valid, include a full explanation with your petition. A petition requesting an extension must be filed with:

1.  The appropriate supplements for the classification;

2.  A letter describing the proffered employment;

3.  A copy of the beneficiary's last 2 pay stubs and most recent W-2, if applicable;

4.  Evidence the beneficiary continues to meet the licensing requirements for the profession or occupation, if applicable;

5.  If requesting an extension of H-1B status (including H1B1 Chile/Singapore), evidence that the Department of Labor has certified a labor condition application for the specialty occupation which is valid for the period of time requested;

6.  If requesting H-2A status, submit a U.S. Department of Labor approved temporary labor certification valid for the dates of the extension, unless it is based on a continuation of previously approved employment due to exigent circumstances and the extension will last no longer than 2 weeks;

7.  If requesting H-2B status, submit a U.S. Department of Labor approved temporary labor certification valid for the dates of extension.

**Special Considerations for Beneficiaries Residing in CNMI**

A nonimmigrant who was admitted to the CNMI prior to November 28, 2009 may not currently hold a Federal nonimmigrant classification that permits a change of status. However, in certain situations, a petitioner may request that the beneficiary be granted initial status in the CNMI. This will allow certain beneficiaries who were present in the CNMI prior to the  transition date and are currently lawfully present in the CNMI with a valid unexpired CNMI status to be granted an initial status without having to depart the CNMI. Additionally, a nonimmigrant who is currently in parole status in the CNMI may also be granted an initial status in the CNMI.

The E-2 CNMI investor regulations permit a petitioner to request that the nonimmigrant be granted an initial E-2 CNMI investor status in the CNMI. In addition to the classification requirements, the petitioner must submit documentation that the beneficiary is currently lawfully present in the CNMI.

The regulations indicate that if the beneficiary is lawfully present in the CNMI the beneficiary may apply for a change of status with this form without having to seek consular processing. In addition to the classification requirements, the petitioner must submit documentation that the beneficiary is currently lawfully present in the CNMI.

A petition for a grant of initial status for a beneficiary currently in the CNMI with a CNMI issued permit must have been filed on or before November 27, 2011.

## Written Consultation for O and P Nonimmigrants

**Written consultation. Certain** classifications require a written consultation with a recognized peer group, labor, and/ or management organization regarding the nature of the work to be done and the beneficiary's qualifications before USCIS can approve the petition.

To obtain timely adjudication of a petition, you should obtain a written advisory opinion from an appropriate peer group, labor, and/or management organization and submit it with the petition.

If you file a petition without the advisory opinion, you will need to send a copy of the petition and all supporting documents to the appropriate organization when you file the petition with USCIS, and name that organization in the petition. Explain to the organization that USCIS will contact them for an advisory opinion.

If you do not know the name of an appropriate organization with which to consult, indicate that on the petition. However, a petition filed without the actual advisory opinion will require substantially longer processing time.

## Liability for Return Transportation

The Immigration and Nationality Act makes a petitioner liable for the reasonable cost of return transportation for an H-1B, H-2B, O, and P beneficiary who is dismissed before the end of the period of authorized admission.

## When To File?

Generally, a Form I-129 petition may not be filed more than 6 months prior to the date employment is scheduled to begin. Petitioners should review the appropriate regulatory provisions in 8 CFR that relate to the nonimmigrant classification sought.

## Where To File?

**Regular Processing:**

Please see our website at **www.uscis.gov/I-129** for the most current information about where to file this petition.

**Premium Processing:**

To determine if your requested classification or category is available for Premium Processing, please visit the USCIS website at **www.uscis.gov/forms/how-do-i-use-premium-processing-service**.  If you are requesting Premium Processing Services, you **must** also file **Form I-907, Request for Premium Processing Service**, with the filing fee.

## Address Change

If you are not a U.S. citizen, you must notify USCIS of your new address within 10 days of moving from your previous residence.  For information on changing your address, go to our website at **www.uscis.gov/addresschange**, or call the USCIS Contact Center.

**NOTE:**  Do not submit a change of address request to the USCIS Lockbox.

## Processing Information

**Acceptance.**  Any petition that is not signed or accompanied by the correct fee will be rejected with a notice that the petition is deficient.  You may correct the deficiency and resubmit the petition.  A petition is not considered properly filed until accepted by USCIS.  Once USCIS accepts your petition, we will check it for completeness.  If you do not properly complete this petition, you will not establish a basis for your eligibility and we may reject or deny your petition.

**Initial Processing.**  Once USCIS accepts your petition, we will check it for completeness.  If you do not properly complete this petition, you will not establish a basis for your eligibility and we may reject or deny your petition.

**Service Processing Information.**  Our goal at USCIS is to process all petitions fairly.  The processing time will vary, depending on the specific circumstances of each case.  We may reject an incomplete petition.  We may deny your petition if you do not give us the requested information.

**Requests for More Information.**  USCIS may request that you provide more information or evidence to support your petition.  We may also request that you provide the originals of any copies you submit.  If we request an original document from you, we will return it to you after USCIS determines it is no longer needed.

**Requests for Interview.**  USCIS may request that you appear at a USCIS office for an interview based on your petition.  During your interview, USCIS may require you to provide your biometrics to verify your identity and/or update background and security checks.

**Decision.**  The decision on Form I-129 involves a determination of whether you have established eligibility for the immigration benefit you are seeking.  USCIS will notify you of our decision in writing.

## USCIS Forms and Information

To ensure you are using the latest version of this petition, visit **www.uscis.gov**.

## Penalties

If you knowingly and willfully falsify or conceal a material fact or submit a false document with your Form I-129, we will deny your petition and may deny any other immigration benefit.  In addition, you will face severe penalties provided by law and may be subject to criminal prosecution.

## USCIS Compliance Review and Monitoring

By signing this petition, you have stated under penalty of perjury (28 U.S.C. section 1746) that all information and documentation submitted with this petition are complete, true, and correct. You also authorize the release of any information from your records that USCIS may need to determine your eligibility for the immigration benefit you are seeking and consent to USCIS verifying such information.

The Department of Homeland Security (DHS) has the authority to verify any information you submit to establish eligibility for the immigration benefit you are seeking at any time. Our legal authority to verify this information is in 8 U.S.C. sections 1103, 1154, 1155, and 1184, and 8 CFR parts 103, 204, 205, and 214. To ensure compliance with applicable laws and authorities, we may verify information before or after your case is decided.

Agency verification methods may include, but are not limited to: reviewing public records and information; contacting through written correspondence; using the internet, fax, other electronic transmission, or telephone; making unannounced physical site inspections of residences and locations of employment; and interviewing people. USCIS will use the information we obtain to assess your compliance with the laws and to determine your eligibility for an immigration benefit.

Subject to the restrictions under 8 CFR 103.2(b)(16), USCIS will provide you with an opportunity to address any adverse or derogatory information that may result from a compliance review, verification, or site visit before a decision is made on your request. For a visit after your request is approved, USCIS will provide you with an opportunity to address any adverse or derogatory information which may result in revocation or termination of an approval.

## DHS Privacy Notice

**AUTHORITIES:** The information requested on this petition and the associated evidence, is collected under 8 U.S.C. sections 1154, 1184, and 1258.

**PURPOSE:** The primary purpose for providing the requested information on this petition is to petition USCIS for a nonimmigrant worker to come temporarily to the United States to perform services or labor or to receive training. DHS will use the information you provide to grant or deny the immigration benefit you are seeking.

**DISCLOSURE:** The information you provide is voluntary. However, failure to provide the requested information, including your Social Security number (if applicable), and any requested evidence, may delay a final decision or result in denial of your petition.

**ROUTINE USES:** DHS may share the information you provide on this petition and any additional requested evidence with other Federal, state, local, and foreign government agencies and authorized organizations. DHS follows approved routine uses described in the associated published system of records notices [DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System and DHS/USCIS-007 Benefits Information System, and DHS/USCIS-018 Immigration Biometric and Background Check] and the published privacy impact assessments [DHS/USCIS/PIA-016(a) Computer Linked Application Information Management System and Associated Systems] which you can find at **www.dhs.gov/privacy**. DHS may also share this information, as appropriate, for law enforcement purposes or in the interest of national security.

## Paperwork Reduction Act

USCIS may not conduct or sponsor an information collection, and you are not required to respond to a collection of information unless it displays a currently valid OMB control number.  The public reporting burden for this collection of information is estimated for Form I-129 at 2.55 hours; E-1/E-2 Classification at 0.67 hours; Trade Agreement Supplement at 0.67 hours; H Classification Supplement at 2.3 hours; H-1B and H-1B1 Data Collection and Filing Fee Exemption Supplement at 1 hour; L Classification Supplement to Form I-129 at 1.34 hours; P Classifications Supplement to Form I-129 at 1 hour; Q-1 Classification Supplement at 0.34 hours; R-1 Classification Supplement at 2.34 hours; and Form I-129 ATT at 0.33 hours, including the time for reviewing instructions, gathering the required documentation and information, completing the petition, preparing statements, attaching necessary documentation, and submitting the petition.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to:  U.S. Citizenship and Immigration Services, Office of Policy and Strategy, Regulatory Coordination Division, 5900 Capital Gateway Drive, Mail Stop #2140, Camp Springs, MD 20588-0009; OMB No 1615-0009.  **Do not mail your completed Form I-129 to this address.**