UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL NO. 3:25-cv-14 |
| KRISTI NOEM[1] IN HER OFFICIAL CAPACITY AS SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants Kristi Noem, Secretary of the United States Department of Homeland Security; United States Department of Homeland Security; Ur Mendoza Jaddou, in her official capacity as Director of United States Citizenship and Immigration Services; and United States Citizenship and Immigration Services ("Defendants") move to dismiss Count I of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).

I. **INTRODUCTION AND SUMMARY OF THE ARGUMENT**

In Count I of Plaintiffs' Complaint, Plaintiffs claim that the Department of Homeland Security's Final Rule, *Modernizing H-2 Program Requirements, Oversight, and Worker Protections*, 89 Fed. Reg. 103202 (Dec. 18, 2024) (hereinafter "Final Rule") violates the Congressional Review

---

[1] Federal Rule of Civil Procedure 25(d) allows for the substitution of the successor Secretary of Homeland Security and Director of U.S. Citizenship and Immigration Services (USCIS).

1

Act ("CRA").

The CRA permits Congress to review rules issued by agencies and includes a Congressional disapproval process, which, if successfully exercised, renders an agency rule without force and effect. *See* 8 U.S.C. §§ 801- 802 However, the CRA does not permit third parties to pursue judicial review of any "determination, action, or omission" made under it, and has an explicit jurisdictional stripping provision. *See* 5 U.S.C. § 805.

Even without the jurisdictional deficiency, Plaintiffs have not plausibly pled that a 2016 rule involving federal contracting that was disapproved by Congress is "substantially similar" to the Final Rule regarding the responsibilities of employers hiring foreign nationals under the H-2 nonimmigrant visa programs. These rules involve different agencies, different types of workers, and different areas of government regulation. This claim should therefore be dismissed.

## II. ISSUES PRESENTED

1. Whether 5 U.S.C. § 805 strips this Court of subject matter jurisdiction?

2. Whether Plaintiffs have stated a plausible claim for relief under the Congressional Review Act?

## III. STANDARD OF REVIEW

### A. 12(b)(1) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss an action when it lacks subject matter jurisdiction. Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). In reviewing such a motion, a court may rely on any of the following to decide the matter: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (quotations omitted).

### B.     12(b)(6) Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if a plaintiff fails to state a claim upon which a court can grant the requested relief. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). To establish a plausible claim for relief, a plaintiff must furnish "more than labels and conclusions"—"a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. There must be something more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

### IV.     ARGUMENT

### A.     5 U.S.C. § 805 Strips this Court of Jurisdiction to Review the Final Rule.

In Count I, Plaintiffs allege that "[t]he CRA prohibits the government from adopting a 'new rule that is substantially the same' as one disapproved by Congress and that therefore did not 'take effect.'" ECF No. 1, ¶ 44 (citing 5 U.S.C. § 801(b)). They allege that the Final Rule violates the Congressional Review Act because the Final Rule is "substantially the same" as a prior rule disapproved by Congress. *See Id.*, ¶¶ 43-46.

3

However, as the plain language of the statute 5 U.S.C. § 805 makes clear, this Court does not have jurisdiction to hear a claim under the CRA. Under 5 U.S.C. § 805, "no determination, finding, action, or omission under this chapter…[including § 801] shall be subject to judicial review." *See* 5 U.S.C. § 805. This prohibition of *judicial* review comports with the purpose of the Congressional Review Act, which is to "keep Congress informed about the rulemaking activities of federal agencies and to allow for *congressional* review of rules." *Status of the Tongass Nat'l Forest Land & Res. Mgmt. Plan*, 1997 U.S. Comp. Gen. LEXIS 524, *3 (emphasis added). The statute thus bars the action brought by Plaintiffs.

Numerous courts have agreed and held that 5 U.S.C. § 805 strips courts of subject matter jurisdiction to review actions brought under the Congressional Review Act. *See Wash. All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 346 (D.C. Cir. 2018) ("This judicial-review prohibition [found in 5 U.S.C. §805] denies courts the power to void rules on the basis of agency noncompliance with the Act.") (internal citations omitted); *see Kan. Nat. Res. Coal. v. United States DOI*, 971 F.3d 1222, 1236 (10th Cir. 2020) (finding that 5 U.S.C. § 805 is clear and "unambiguously prohibits judicial review of any omission by any of the specified actors [including agencies]"); *see Ctr. for Biological Diversity v. Bernhardt,* 946 F.3d 553, 563 (9th Cir. 2019) ("[w]e join our sister circuits which have likewise held that federal courts do not have jurisdiction over statutory claims that arise under the [Congressional Research Act or] CRA."); *see also Tex. Sav. & Cmty. Bankers Ass'n v. Fed. Hous. Fin. Bd.,* NO. A 97 CA 421 SS, 1998 U.S. Dist. LEXIS 13470, at *27 n.15 (W.D. Tex. June 25, 1998) (finding that the plain language of § 805 forecloses a challenge under the Congressional Review Act); *Teche Vermillion Sugar Cane Growers Ass'n v. Julie Su*, No. 6:23-CV-831, 2024 U.S. Dist. LEXIS 169620,

4

at *23 (W.D. La. Sep. 18, 2024) (finding that judicial review was barred under 5 U.S.C. § 805 for "an alleged failure by an agency to comply with an obligation imposed by section 801 of the CRA.").

5 U.S.C. § 805 explicitly strips this Court of jurisdiction to review Congressional Review Act claims. Therefore, Count I should be dismissed for lack of subject matter jurisdiction.

### B. Even if the Court Had Subject Matter Jurisdiction, Plaintiffs Would Still Fail to Bring a Viable Claim under the Congressional Review Act.

Even if this Court had subject matter jurisdiction over Count I, Plaintiffs have not pled a viable claim under the Congressional Review Act, because the Final Rule at issue is not "substantially the same" as the rule proposed in 2016.

5 U.S.C. § 801(b) states that:

> (1) A rule shall not take effect (or continue), if the Congress enacts a joint resolution of disapproval, described under section 802 [5 USCS §802], of the rule
> (2) A rule that does not take effect (or does not continue) under paragraph (1) may not be reissued in ***substantially the same form***, and a new rule that is substantially the same as such a rule may not be issued, unless the reissued or new rule is specifically authorized by a law enacted after the date of the joint resolution disapproving the original rule.

(emphasis added).

Plaintiffs incorrectly argue that the Final Rule is "substantially the same" as a rule submitted in 2016. Specifically, Plaintiffs refer to a rule submitted by the Department of Defense, the General Services Administration, and the National Aeronautics and Space Administration ("2016 Rule"). *See* 81 Fed. Reg. 58562 (August 25, 2016). This rule amended a prior regulation implementing Executive Order 13673, Fair Pay and Safe Workplaces, which was designed to increase efficiency and cost savings in Federal contracting by improving

contractor compliance with labor laws. *See* 81 Fed. Reg. 58562 (August 25, 2016). Nowhere does the rule mention visas or nonimmigrants. In March 2017, Congress passed a joint resolution disapproving of the 2016 Rule. *See* 131 Stat. 75. The rule was later withdrawn.

The 2016 Rule and the Final Rule are not substantially similar. The 2016 Rule involved federal contracting, whereas the Final Rule at issue involves the H-2A and H-2B nonimmigrant visa programs under which employers are allowed to bring foreign nationals to the United States to fill temporary jobs. *See* H-2A Temporary Agricultural Workers, USCIS, https://www.uscis.gov/working-in-the-united-states/temporary-workers/h-2a-temporary-agricultural-workers (last visited March 19, 2025); H-2B Temporary Non-Agricultural Workers, USCIS, https://www.uscis.gov/working-in-the-united-states/temporary-workers/h-2b-temporary-non-agricultural-workers (last visited March 13, 2025). Rules applicable to the H-2A and H-2B nonimmigrant programs and employers seeking these temporary workers include detailed, specific regulatory requirements and a process involving the Department of Labor and U.S. Citizenship and Immigration Services, and thus implicate vastly different policy concerns from rules on general federal contracting and contractors. The Final Rule was issued by the Department of Homeland Security; the 2016 Rule was issued by the Department of Defense, the General Services Administration, and the National Aeronautics and Space Administration, none of which regulate or perform work in the immigration or visa sphere. Nor is there any case law to support a finding that the 2016 Rule is "substantially similar" to the Final Rule.

Therefore, even if the Court had jurisdiction over this claim, Count I would need to be dismissed for failure to state a plausible claim for relief under 8 U.S.C. § 801(b) because the

2016 Rule and Final Rule are not substantially similar.

## V.     CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant their motion and dismiss Count I of Plaintiff's Complaint.

Dated: March 24, 2025

                              Respectfully submitted,

                              NICHOLAS J. GANJEI
                              UNITED STATES ATTORNEY

                              By: */s/ Myra Siddiqui*
                              Myra Siddiqui
                              Assistant United States Attorney
                              Southern District No. 3257790
                              Natasha Alexander
                              Assistant United States Attorney
                              Southern District No. 3770021
                              Texas Bar No. 24125476
                              1000 Louisiana, Suite 2300
                              Houston, Texas 77002
                              Tel: (713) 567-9000
                              Fax: (713) 718-3303
                              Email: myra.siddiqui@usdoj.gov
                              E-mail: natasha.alexander@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on March 24, 2025, the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

> */s/ Natasha Alexander*
> Natasha Alexander
> Assistant United States Attorney