United States District Court
Southern District of Texas
**ENTERED**
June 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA, *et al.*, | § | |
| Plaintiffs, | § | |
| VS. | § | 3:25-cv-14 |
| KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security, *et al.*, | § | |
| Defendants. | | |

## ORDER

Before the court is the defendants' partial motion to dismiss count one of the plaintiffs' complaint for lack of subject-matter jurisdiction. Dkt. 10. The court will grant the motion.

A court should grant a motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this case, the plaintiffs challenge a Department of Homeland Security Final Rule concerning H-2 visa program requirements. They specifically aver the rule violates the Congressional Review Act ("CRA") because it is "substantially the same as the governmentwide blacklisting rule adopted by the Obama Administration and disapproved by Congress." Dkt. 1 ¶ 45. Although the Administrative Procedure Act "confers a general cause of action upon persons adversely affected or aggrieved by agency action," that cause of action is withdrawn when a statute specifically "preclude[s] judicial review." *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984) (internal quotation marks omitted); 5 U.S.C. § 701(a)(1). There is a "general presumption favoring interpretations of statutes [to] allow judicial review of administrative action," but it is overcome when there is "a clear congressional directive stripping courts of jurisdiction[.]" *Mukantagara v. Mayorkas*, 736 F. Supp. 3d 1117, 1126 (D. Utah 2024) (internal quotation marks omitted); *see also Cuozzo Speed Techs. v. Com. for Intell. Prop.*, 579 U.S. 261, 274 (2016) (finding presumption favoring judicial review overcome through statutory text and the statute's "place in the overall statutory scheme.").

It is apparent from the plaintiffs' complaint that count one is brought under the CRA, 5 U.S.C. § 805, which explicitly bars judicial review of any

"determination, finding, action, or omission under" it. While the Fifth Circuit has not yet addressed § 805's effects on judicial review, other circuits have held its language clearly overcomes the presumption favoring review of agency action. *E.g., Kansas Nat. Res. Coal. v. United States Dep't of Interior*, 971 F.3d 1222, 1236 (10th Cir. 2020) (holding the CRA precludes judicial review of "findings, actions, and omissions by agencies."); *Montanans For Multiple Use v. Barbouletos*, 568 F.3d 225, 229 (D.C. Cir. 2009) (holding § 805's "unequivocal" language "denies courts the power to void rules on the basis of agency noncompliance with the Act."). Because evaluating the plaintiffs' claim requires a determination under the CRA, the court finds that it lacks jurisdiction and grants the defendants' partial motion to dismiss. Dkt. 10.

Signed on Galveston Island this 3rd day of June, 2025.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE