# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA, et al., | |
| *Plaintiffs*, | |
| v. | Case No. 3:25-cv-00014 |
| KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security, et al., | Hon. Jeffrey V. Brown |
| *Defendants*. | |

**UNOPPOSED MOTION OF CENTRO DE LOS DERECHOS DEL MIGRANTE FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Movant Centro de los Derechos del Migrante (CDM) respectfully requests leave to file a brief as amicus curiae in opposition to Plaintiffs' motion for summary judgment and in support of Defendants' cross-motion for summary judgment. A copy of the proposed brief is attached as an exhibit to this motion. Counsel for Plaintiffs and Counsel for Defendants have represented that their respective clients take no position as to the filing of the amicus brief. A proposed order accompanies this motion.

## INTERESTS OF MOVANT

Proposed amicus curiae CDM is a nonprofit organization with offices in the United States and Mexico, focused on promoting migrant workers' rights under U.S. law.[1] Since its founding in 2005, CDM has worked with thousands of H-2 workers, as well as domestic workers in corresponding employment and workers on other kinds of visas, in various capacities. CDM provides legal services to workers and, together with other partners, conducts outreach and education regarding health and community resources. CDM has experienced obstacles in conducting this work due to workers' fears of retaliation and employer intimidation. CDM has also convened the Comité de Defensa del Migrante (Migrant Defense Committee, or "Comité"), a group of current and former migrant workers in the H-2 and other programs. The Comité works to empower and organize migrant workers in the United States and in their home communities, to create a culture of informed migration, and to center migrant workers' perspectives in conversations about policies that affect them. Working in partnership with the Comité and other worker leaders, CDM conducts extensive outreach in H-2A and H-2B workers' home communities and regions of employment each year, building relationships that guide its policy priorities.

CDM submitted comments as part of the rulemaking at issue in this action based on focus groups with over 25 current and former H-2 workers and other members of H-2 sending communities with experience in temporary work programs in the United States,

---

[1] No party's counsel authored any part of the brief, nor has any party or their counsel contributed money intended to fund the preparation or submission of the brief. No person other than proposed amicus and their counsel contributed any money intended to fund the preparation or submission of the brief.

including members of the Comité. CDM also joined a coalition comment of worker advocates supporting the proposed rule.

The 2024 Rule ameliorates several structural flaws with the H-2 program, to the benefit of H-2 workers like those served by CDM. The 2024 Rule's "program integrity" provisions benefit H-2 workers by serving as a deterrent to unlawful conduct by H-2 employers—including the collection of prohibited fees, and by extending whistleblower protections to workers who experience and report abuse and other unlawful activity. The 2024 Rule's "portability" provisions allow H-2 workers additional time to respond to an unexpected loss of employment by seeking new H-2 employment, exploring their legal options, or organizing their departure from the United States. Without these provisions, workers are discouraged from quitting abusive jobs, or even making complaints about abusive conditions that might lead to retaliation, as they face a near immediate loss of legal status upon the termination of employment. The addition of a grace period as provided for in the 2024 Rule lessens these concerns.

## ARGUMENT

Although neither the Federal Rules of Civil Procedure nor this Court's local rules specifically address the filing of amicus curiae briefs, "courts have broad discretion to permit the filing of an amicus brief." *Cina v. Cemex, Inc.*, No. 4:23-cv-00117, 2023 WL 5493814, at *1 (S.D. Tex. Aug. 17, 2023) (citing *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012)). "'Factors relevant to the determination include whether the proffered information is timely and useful or otherwise necessary to the administration of justice.'" *Id.* (quoting *United States v. Olis*, No. H-07-3295, 2008 WL 620520, *7 (S.D. Tex. Mar. 3,

3

2008)); *see U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (same). An amicus brief can be useful to the Court by, among other things, "[o]ffering a different analytical approach to the legal issues before the court; [h]ighlighting factual, historical, or legal nuance glossed over by the parties; [e]xplaining the broader regulatory or commercial context in which a question comes to the court; [or] providing practical perspectives on the consequences of potential outcomes." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers).

These considerations weigh in favor of allowing CDM to appear as amicus. First, CDM has a special interest in this case that is not theoretical or academic. Should the Rule be vacated, CDM and the workers for whom they advocate would suffer harm that the government defendants will not suffer—particularly if the Court were to vacate the Rule in its entirety as Plaintiffs urge the Court to do. CDM has members that enjoy the protections afforded by the challenged Rule and will continue to benefit from the Rule so long as it is in effect.

Second, the perspective presented by CDM in the proposed brief is important and different from that advanced by the government. While CDM agrees with Defendants that the Rule is lawful, its proposed brief adds additional context as to how the provisions addressed by Plaintiffs operate, and how the provisions that are *not* addressed by Plaintiffs operate and provide benefits to the H-2 workers that CDM serves and represents. *See Cent. Texas Chapter, Nat'l Elec. Contractors Ass'n, Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 520*, No. A-11-CA-339-SS, 2011 WL 13234892, at *2 (W.D. Tex. Nov. 15, 2011)

4

(granting leave to file amicus brief where "some of the issues in the case have potential consequences beyond the particular parties to the suit, and since the amici offer useful, broader perspectives on these issues"). In particular, CDM explains how the "ongoing, reasonable, good faith efforts" language challenged by Plaintiffs as impermissibly vague is contained not in a regulatory mandate, but in a provision that sets out an affirmative defense where an employer has engaged in clearly proscribed conduct—important context not presented in Defendants' brief.

Finally, the proposed amicus brief is timely—submitted with this motion within 4 days of Defendants' opposition and cross-motion. It will not delay the briefing or argument in this case because Plaintiffs will have the opportunity in their reply to respond to the arguments in the proposed brief.

## CONCLUSION

The motion for leave to file a brief as amicus curiae should be granted.

Dated: September 22, 2025                    Respectfully submitted,

/s/ _Aaron Johnson___

Aaron Johnson, attorney-in-charge
TX Bar No. 24056961
Fair Labor Law PLLC
314 E. Highland Mall Blvd., Ste. 401
Austin, TX 78752
Ph: (512) 277-3505
Fax: (512) 277-3254
ajohnson@fairlaborlaw.com

        Adam R. Pulver
        *Pro hac vice application pending*
        Public Citizen Litigation Group
        1600 20th Street NW
        Washington, DC 20009
        (202) 588-1000
        apulver@citizen.org

*Counsel for Amicus Curiae Centro de los Derechos del Migrante*

## CERTIFICATE OF CONFERENCE

On September 17, 2025, counsel for proposed amicus contacted counsel for the parties to attempt to obtain consent for the granting of this motion. Counsel for Defendants, Myra Siddiqui, advised that Defendants have no position on the motion. Counsel for Plaintiffs, Dave Dorey, advised that Plaintiffs have no position on the motion.

/s/  Aaron Johnson
Aaron Johnson
Attorney for Proposed Amicus

## CERTIFICATE OF SERVICE

    I hereby certify that on September 22, 2025, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                                                           /s/ Aaron Johnson
                                                           Aaron Johnson